**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>ATHENEX, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90295 (DRJ)<br><br>(Joint Administration Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES,
(B) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
(C) STATEMENTS OF FINANCIAL AFFAIRS, AND (D) BANKRUPTCY
RULE 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than May 16, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 16, 2023, at 5:00 p.m. (prevailing Central Time). Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's homepage. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"), (a) extending the deadline by which the Debtors must file their (i) schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs, (collectively, the "Schedules and Statements") and (ii) initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest (the "2015.3 Reports") as set forth in Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by twenty-two days, for a total of thirty-six days from the Petition Date, through and including June 19, 2023, and (b) granting related relief.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007(c) and 9006(b), and Rules 1075-1 and 9013-1 Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

**BACKGROUND**

5.      On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6.      The Debtors are a global oncology-focused biopharmaceutical company dedicated to the discovery, development, and commercialization of novel therapies for the treatment of cancer, aiming to develop safer, and more efficacious cancer medication. The Debtors' mission is to improve the lives of cancer patients by creating more effective, safer and tolerable treatments.

7.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Nicholas K. Campbell, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

**BASIS FOR RELIEF**

8.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), the Court has authority to extend the time required for filing the Schedules and Statements "for cause." FED. R. BANKR. P. 1007(a)(5), 1007(c), and 9006(b). Bankruptcy Rule 9006(b)(1) also provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule

---

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

2015.3(d), in turn, provides the Court with the ability to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

9. The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements and applicable 2015.3 Reports, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, leases, and contracts from each of the six Debtor entities. Collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors at a time when such resources would be best used to stabilize the Debtors' business operations at the outset of these cases. Additionally, because this information is voluminous and located in numerous places throughout the Debtors' organization, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements. Compounding the difficulty in accurately preparing the Schedules and Statements, prior to the Petition Date, the Debtors lost multiple employees who possessed extensive institutional knowledge regarding the Debtors' operations, assets, and records.

10. Although the Debtors' management, employees, professional advisors, and key personnel have prepared diligently for these Chapter 11 Cases, preparing the Schedules and Statements was not practicable given the complex nature of the Debtors' business. Prior to the Petition Date, the Debtors focused their efforts on preparing for a smooth transition into chapter 11. Such efforts made it difficult for the Debtors to prepare the Schedules and Statements in advance of the Petition Date.

11. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements and

applicable 2015.3 Reports within the additional time requested. The Debtors anticipate that they may require at least 30 days after the Petition Date to complete the Schedules and Statements. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of an applicable deadline for filing proofs of claim in these Chapter 11 Cases. Moreover, many of the Debtors' records are maintained on a consolidated basis, requiring further time and effort to file as accurate Schedules and Statements, on a debtor by debtor basis, as possible. Absent the duration of the extension requested herein, the Debtors may be required to file amendments to their Schedules and Statements, which could cause undue confusion and uncertainty for parties wishing to review and rely upon the Schedules and Statements filed in these Chapter 11 Cases without commensurate benefit. Therefore, the Debtors request that the Court extend the initial 14-day period to file their Schedules and Statement for an additional twenty-two days, as well as the deadline to file applicable 2015.3 Reports, without prejudice to the Debtors' right to request further extensions.

## **EMERGENCY CONSIDERATION**

12. The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the relief requested could hinder such operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these Chapter 11 cases could disrupt the Debtors' operations at this critical juncture and add needless costs to the administration of these cases. The Debtors have satisfied the "immediate

and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested herein on an emergency basis.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

13.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE

14.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules.  The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas, (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis), (c) Oaktree Fund Administration, LLC and its counsel (Sullivan & Cromwell LLP, as primary counsel, and Bracewell LLP, as local counsel), (d) the United States Attorney's Office for the Southern District of Texas, (e) the Internal Revenue Service, (f) the United States Securities and Exchange Commission, (g) the state attorneys general  for states in which the Debtors conduct business, (h) governmental agencies having a regulatory or statutory interest in these cases, and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

**WHEREFORE**, the Debtors request that the Court enter the attached order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated: May 14, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |

*/s/ Michael D. Warner*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Shirley S. Cho (*pro hac vice* pending)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
scho@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on May 14, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Michael D. Warner*
                                                  Michael D. Warner