**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al., | Case No. 23-90295 (DRJ) |
| Debtors. [1] | (Joint Administration Requested) |

**ORDER APPROVING (A) BID PROCEDURES; (B) THE FORM
AND MANNER OF NOTICE; (C) THE PROCEDURES FOR
DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

Having considered the *Debtors' Emergency Motion for (i) Entry of an Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (ii) Entry of an Order Approving (a) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (b) the Assumption and Assignment of Certain Contracts and Unexpired Leases* [Dkt. No. _____] (the "Bid Procedures and Sale Motion")[2] of Athenex, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), pursuant to sections 105(a), 363(b), 365, 503(b) and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules, and

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Bid Procedures and Sale Motion or the Bid Procedures, as applicable. The Assets to be sold or otherwise transferred pursuant to this Bid Procedures Order are some or all of the assets, rights, and properties pertaining to or used in connection with the operation of the Debtors' business, but excluding any assets of Debtor Athenex Pharma Solutions, LLC.

the Court having determined that the relief provided herein is in the best interest of the Debtors, their creditors and other parties-in-interest; and due and adequate notice of the Bid Procedures and Sale Motion having been given under the circumstances; and upon the record of the bid procedures hearing, and the full record of these Cases; and due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

**FOUND AND DETERMINED THAT:**[3]

A.     The Court has jurisdiction over the Bid Procedures and Sale Motion and the Transaction pursuant to 28 U.S.C. § 1334.

B.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

C.     Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D.     Good and sufficient notice of the Bid Procedures and Sale Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein.

E.     A reasonable opportunity to object or to be heard regarding the relief provided herein has been afforded to all parties-in-interest.

F.     The Debtors' proposed notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the relief sought in the Bid Procedures and Sale Motion.

G.     The Debtors have articulated good and sufficient business reasons for this Court to: (a) approve the Bid Procedures, including the procedures for selecting one or more Stalking Horse Bidders; (b) schedule a Bid Deadline, Auction and Sale Hearing with respect to a potential sale of

---

[3]     Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.

the Assets; (c) approve payment of any Bid Protections under the terms and conditions set forth in any Stalking Horse APA, subject to further order of the Court; (d) establish the procedures to fix the Cure Amounts to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Designated Contracts;

H.     The Bid Procedures, substantially in the form attached as **<u>Exhibit A</u>**, are fair, reasonable and appropriate and represent the best method for maximizing the value to be obtained for the Assets in the event of a Sale.

I.     The Transaction Notice, substantially in the form attached as **<u>Exhibit B</u>**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets (including the sale of Assets free and clear of all liens, claims and encumbrances with all such liens, claims, and encumbrances attaching to the Transaction proceeds with the same force, validity, effect, priority and enforceability as such interests had in the Assets before such sale), the Transaction, the Bid Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

J.     The Assumption Notice, substantially in the form attached as **<u>Exhibit C</u>**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Assigned Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

**<u>NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:</u>**

1.     The request for entry of the Bid Procedures Order is **GRANTED** as set forth herein.

2.      All objections to the request for entry of the Bid Procedures Order or the relief provided herein, including those that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

**Approval of Process Timeline**

3.      The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bid Procedures in accordance with the following timeline:

| Event | Deadline |
|---|---|
| Cure Notices Served | May 26, 2023 |
| Deadline to Designate Stalking Horse Bidders(s) | June 2, 2023 |
| Sale/ Cure Objection Deadline | June 9, 2023 |
| Deadline to Object to Stalking Horse Bidder(s) | June 10, 2023 |
| Bids Due | June 12, 2023 |
| Auction | June 15, 2023 |
| Notice of Winning Bids Filed | June 16, 2023 |
| Objection to Winning Bidder | June 19, 2023 at 12:00 p.m. cst |
| Sale Approval Hearing | June [21], 2023 @ ____a.m/p.m. cst |
| Sale Order Entered | June 23, 2023 |
| Sale(s) Closed | June 30, 2023 |

4.      The failure to timely file any objection described above in accordance with this Bid Procedures Order and by the applicable deadline shall forever bar the assertion of any objection to, as applicable, the Bid Procedures and Sale Motion, entry of any Stalking Horse Order or Sale Order, and/or consummation of the Transaction, including the assumption and assignment of Designated Contracts to the Prevailing Purchaser, and shall be deemed to constitute any such party's consent to entry of the applicable order and consummation of the Transaction and all other transactions related thereto.

5.      The Debtors reserve the right, and are authorized to, subject to the consent of the Agent and in consultation with any Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), modify the above timeline and the Bid Procedures in

accordance with the Bid Procedures.

**Approval of the Bid Procedures**

6.       The Bid Procedures, in substantially the form attached as **Exhibit A,** are incorporated herein, and are hereby **APPROVED** in their entirety and shall apply with respect to the sale of the Assets. The Debtors are authorized to take all actions incidental, necessary and appropriate to implement the Bid Procedures. The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision.

7.       The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. No bid shall be deemed to be a Qualifying Bid or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bid Procedures and is designated as a "Qualifying Bid" by the Debtors, with the Agent's consent, which shall not be unreasonably withheld and in consultation with the Committee.

8.       As further described in the Bid Procedures, the Debtors request that the deadline for submitting bids for the Assets (the "Bid Deadline") be **June 12, 2023 at 5:00 p.m. (prevailing Central Time).**  Any disputes or objections, if any, to the selection of Qualified Bid(s), Successful Bid(s), or Backup Bid(s) shall be resolved by this Court at the Sale Hearing. The Debtors shall deliver a copy of each bid received to the Agent and the Committee promptly upon receipt.

9.       The Debtors are authorized to conduct the Auction in accordance with the Bid Procedures. In the event that (a) the Debtors timely receive one or more Qualifying Bids, or (b) in the event that a Stalking Horse Bidder is selected, the Debtors receive a Qualifying Bid that the

Debtors, in their business judgment (with the Agent's consent and in consultation with the Committee), determine to be the Initial Highest Bid, the Debtors shall conduct the Auction, which shall take place at **10:00 a.m. (prevailing Central Time), on June 15, 2023** either virtually or physically at Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA, 90067 or at such later time or other place as agreed by the Debtors and the Agent, or as approved by order of the Court.

10. Before the Auction, the Debtors shall determine, in their reasonable judgment after consultation with the Debtors' financial and legal advisors and the Committee, and with the Agent's consent, which consent shall not be unreasonably withheld, which of the Qualifying Bids is likely to result in the highest and best value to the Debtors' estates (the "Initial Highest Bid"). Not later than June 14, 2023 at 5:00 pm (prevailing Central Time), the Debtors shall provide to the Auction Participants a copy of the Initial Highest Bid.  To allow the Auction Participants to evaluate the Initial Highest Bid, the Debtors shall use commercially reasonable efforts to disclose the value that, in their business judgment and with the Agent's consent, they place on the Initial Highest Bid.  The Debtors shall use commercially reasonable efforts to disclose to each Auction Participant the value that, in their business judgment, they place on such Auction Participant's Qualifying Bid.

11. At the commencement of the Auction, the Debtors shall formally announce the Initial Highest Bid.  For each round, all Qualifying Bids at the Auction will be based on the Initial Highest Bid and increased therefrom, and thereafter made in minimum increments of at least $100,000 more than the previous Qualifying Bid or in such other increments as the Debtors may determine, in consultation with the Committee and with the Agent's consent.

12. Each Qualified Bidder participating at the Auction will be required to confirm that

it has not engaged in any collusion with respect to the bidding or the Transaction. All bidding activity at the Auction shall be transcribed, videotaped, or both. The Auction will be conducted openly subject to and as set forth in the Bid Procedures.

13. Upon conclusion of the Auction, the Debtors will, in consultation with the Committee and with the Agent's consent, identify the highest or otherwise best bid (the "Successful Bid"). In making this determination, the Debtors may consider, among other things, the amount of cash and other consideration to be paid and the liabilities to be assumed or otherwise satisfied.

**Approval of Right to Credit Bid**

14. In conjunction with any Transaction and except as otherwise provided herein, the Agent may credit bid any portion and up to the entire amount of the Prepetition Term Loan Secured Indebtedness (as defined in the Cash Collateral Order), as applicable, on any or all Assets (the "Credit Bid Right"). The Agent shall be deemed to be a Qualified Bidder in all respects and the Agent may credit bid at any time prior to the conclusion of the Auction regardless of whether the Agent participated in prior rounds at the Auction. The Agent shall not be required to submit a Good Faith Deposit, Qualified Bidder Agreement, or any other deliverable or documentation to the Debtors, the Debtors' Counsel, or their representatives or agents. Upon exercise of the Credit Bid Right, the Agent shall not be required to take title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), or be deemed to have taken title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), any Assets, and the Agent shall have the right to designate any person or entity that shall take title to the Assets that are subject to the Credit Bid Right. No other person may credit bid on the Prepetition Collateral unless the entire amount of the Prepetition Term Loan Secured

Indebtedness will be paid in full in cash on the Closing of the proposed Transaction. Notwithstanding anything to the contrary in the Bid Procedures, in the event the Agent or any individual member of the Committee becomes a Potential Bidder or Qualified Bidder, such party shall forego all consent and consultation rights otherwise provided in the Bid Procedures until such time as such party is no longer a Potential Bidder or Qualified Bidder.

**Adjournment or Cancellation of Auction**

15.     The Debtors may, at any time, determine to cancel or adjourn the Auction prior to the commencement of the Auction or during the Auction prior to the conclusion of the Auction by notice filed on the docket and emailed to all Qualified Bidders upon consent of the Agent, which consent shall not be unreasonably withheld.

**Approval of Procedures for Selection of Stalking Horse Bidder and Bid Protections**

16.     The Debtors are authorized to enter into a Stalking Horse Agreement in form and substance acceptable to the Agent and in consultation with the Committee, which may provide for payment of the Bid Protections, as set forth in the Bid Procedures, subject to notice and entry of an order approving the selection of the Stalking Horse Bidder as set forth herein.

17.     In the event that the Debtors select one or more parties to serve as a Stalking Horse Bidder, upon such selection, the Debtors shall, by June 2, 2023, file with the Court and provide the following parties notice of and an opportunity to object to the designation of such Stalking Horse Bidder(s) and any Bid Protections set forth in the Stalking Horse Agreement, with any such objection required to be filed with the Court and served by June 10, 2023: (a) the United States Trustee for the Southern District of Texas; (b) counsel for any statutory committee appointed in these cases; and (c) persons who have filed a request for notice pursuant to Bankruptcy Rule 2002.

18.     After such notice and absent objection, the Debtors may submit an order to the Court under certification of counsel approving the selection of such Stalking Horse Bidder(s) and the Bid Protections. To the extent necessary, the Debtors shall be entitled to set an expedited hearing on any objection to the designation of the Stalking Horse Bid promptly following the expiration of any Stalking Horse Objection Deadline, subject to the availability of the Court.

**Approval of Notice Procedures**

19.     The Transaction Notice, substantially in the form attached as **Exhibit B**, is hereby **APPROVED**.

20.     Within five (5) days after entry of this Bid Procedures Order, the Debtors (or their agents): (a) will serve a copy of the Transaction Notice, as well as a copy of the Bid Procedures and Sale Motion and the Bid Procedures Order, by first-class mail, postage prepaid, or, for those parties who have consented to receive notice by the ECF system, by ECF, upon the following (collectively, the "Transaction Notice Parties"): (i) the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) the Office of the United States Attorney for the Southern District of Texas; (iv) the Internal Revenue Service; (v) all applicable state and federal taxing authorities having jurisdiction over the Assets to the extent reasonably known to the Debtors; (vi) the Securities and Exchange Commission; (vii) persons listed on the Master Service List; (vii) counsel to the Agent; (ix) all parties asserting a security interest in the Assets to the extent reasonably known to the Debtors; (x) federal, state, county and city tax and regulatory authorities to which the Debtors are subject, to the extent reasonably known to the Debtors; (xi) local and state environmental authorities to which the Debtors are subject, to the extent reasonably known to the Debtors; (xii) local, state and federal authorities and agencies that have issued licenses or permits to the Debtors

with respect to the operation and use of the Assets to which the Debtors are subject, to the extent reasonably known to the Debtors; (xiii) the counterparties to each of the Designated Contracts; (xiv) certain other parties who have expressed an interest in acquiring or investing in the Debtors or any of the Assets; (xv) counsel to the Official Committee of Unsecured Creditors, if any; (xvi) counsel to any Stalking Horse Bidder; and (xvii) persons who have filed a request for notice pursuant to Bankruptcy Rule 2002 and such other government agencies to the extent required by the Bankruptcy Rules and Bankruptcy Local Rules; and (b) will serve a copy of the Transaction Notice on all known creditors of the Debtors.

21.     Service of the Transaction Notice as described above shall be good and sufficient notice of the Transaction with respect to all parties.

**Approval of Procedures Related to Assumption and
<u>Assignment of Executory Contracts and Unexpired Leases</u>**

22.     The Assumption Notice to be issued in connection with the proposed sale of the Assets, substantially in the form attached as **<u>Exhibit C</u>**, is hereby **APPROVED**.

23.     By May 26, 2023, the Debtors shall serve the Assumption Notice by (a) first class United States mail, postage prepaid on all counterparties to Executory Contracts of the Debtors; and (b) the Court's ECF on those parties receiving electronic notice by such system. Listing an Executory Contract on the Assumption Notice does not mean that the Executory Contract will ultimately be a Designated Contract that is assumed and assigned. The Debtors reserve all rights, claims and causes of action with respect to the Executory Contracts listed in the Assumption Notice or any Supplemental Assumption Notice.  The Assumption Notice shall identify the cure amount(s) the Debtors assert, based on the Debtors' records, that must be paid to cure defaults outstanding under each Executory Contract to permit the Debtors to assume such contracts and leases (the "<u>Cure Amounts</u>"), as of such date (the "<u>Cure Date</u>").

24.     Service of such Assumption Notice as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption and assignment of the Executory Contracts that become Designated Contracts, the applicable Cure Costs related thereto, and the procedures for objecting thereto, and no other or further notice is necessary.

25.     The Debtors may amend or supplement the Assumption Notice from time to time (the "Supplemental Assumption Notice"). If the Debtors file a Supplemental Assumption Notice, the Debtors shall promptly serve a copy of such Supplemental Assumption Notice on the counterparties to Executory Contracts that are affected by such amendment, supplementation, or modification by first class mail, and in no event shall the Debtors serve a Supplemental Assumption Notice such that counterparties to Executory Contracts are served with less than seven (7) days' notice of the proposed Cure Amounts prior to the Sale Hearing.

26.     Objections, if any, by Counterparties identified in the Assumption Notice and/or any Supplemental Assumption Notice, must be filed and made so as to be received by the Objection Notice Parties on or before June 9, 2023, or seven (7) days after being served with any Supplemental Assumption Notice; provided, however, that no objections may be made after the Sale Hearing. Any objection challenging a Cure Amount must set forth the prepetition cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof.

27.     At the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Prevailing Purchaser of only those Designated Contracts that have been selected by such Prevailing Purchaser to be assumed and assigned. The inclusion of an Executory Contract on an Assumption Notice and/or any Supplemental Assumption Notice will not (a) obligate the Debtors to assume any Executory Contract listed thereon nor the Prevailing Purchaser to take

assignment of such Executory Contract; or (b) constitute any admission or agreement of the Debtors, or any other party, that such contract or lease is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve the right to not assume and assign any Executory Contract until the Closing.  The Debtors and their estates reserve any and all rights with respect to any Executory Contracts that are not ultimately designated as Assigned Contracts.

28.     With respect to any contract or lease identified in the Assumption Notice and/or any Supplemental Assumption Notice, unless a Counterparty files a timely objection to (a) the Cure Amount relating to such contract or lease, or (b) the proposed assumption and assignment of such contract or lease, such counterparty shall (i) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to the Assigned Contracts; (ii) be deemed to have consented to the assumption, assignment and/or transfer of such contract to the Prevailing Purchaser; and (iii) be forever barred and estopped from asserting or claiming against the Debtors, the Prevailing Purchaser or any other assignee of the relevant contract or lease, that any additional amounts are due or other defaults exist, that conditions to assumption and assignment must be satisfied under such Assigned Contracts, that adequate assurance is not being provided or that there is any other objection or defense to the assumption and assignment of such Assigned Contracts notwithstanding any anti-alienation provision or other restriction on assumption or assignment in the Designated Contract.

29.     If a Counterparty to a Designated Contract files an objection to assumption or assignment, whether based on Cure Amount, adequate assurance of future performance, or any other alleged cause or claim, then, to the extent the relevant parties are not able to consensually resolve the dispute before the Sale Hearing, such dispute will be heard and resolved by the Court

at a hearing to resolve the disputed Cure Amounts; provided, however, that if an objection relates solely to the Cure Amount (any such objection, a "Cure Dispute"), the Designated Contract may be assumed by the Debtors and assigned to the Prevailing Purchaser provided that the cure amount the Counterparty asserts is required to be paid under Bankruptcy Code Section 365(b)(1)(A) and (or such lower amount as agreed to by the Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

**Approval of Scheduling of Sale Hearing and Related Procedures**

30.    Any hearing for the final approval of the Transaction (the "Sale Hearing") will be held on **June __, 2023 at __:____ ___.m. (prevailing Central Time)** and may be adjourned or rescheduled with the consent of the Agent without further notice. At the Sale Hearing, the Debtors will seek Court approval of, among other things, the Successful Bid(s) and the Back-up Bid(s). Unless the Court orders otherwise, any Sale Hearing shall be an evidentiary hearing on matters relating to the Transaction and there will be no further bidding at such hearing.

31.    Following the Sale Hearing, if the Prevailing Purchaser fails to consummate an approved Transaction, the Back-up Bidder will be deemed to be the new Prevailing Purchaser, and the Debtors will be authorized to consummate the Transaction with the Back-up Bidder without further order of the Court and such last Qualifying Bid of the Back-up Bidder shall thereupon be deemed the Successful Bid.  A defaulting Prevailing Purchaser's Good Faith Deposit shall be forfeited to the Debtors, and the Debtors specifically reserve the right to seek all additional available damages from the defaulting Prevailing Purchaser, notwithstanding any provision to the contrary in the applicable asset purchase agreement.

32.    Except as otherwise provided herein, any and all objections to any Transaction, or the relief requested in the Bid Procedures and Sale Motion, if any, must be filed with the

Bankruptcy Court by **June 9, 2023 at 4:00 p.m. (prevailing Central Time)** (the "<u>Objection Deadline</u>"). Any and all such objections must be served on the Objection Notice Parties by the Objection Deadline.

## <u>Other Provisions</u>

33.      Except as otherwise provided herein, any objection hereunder must: (a) be in writing; (b) comply with the applicable Bankruptcy Rules and the Bankruptcy Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (d) be filed with the Bankruptcy Court by the Objection Deadline of **June 9, 2023 at 4:00 p.m. (prevailing Central Time** ); and (e) be served so as to be received by no later than the Objection Deadline, on (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 440 Louisiana Ave., Suite 900, Houston, Texas, 77002, Attn: Michael D. Warner (mwarner@pszjlaw.com) and at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067, Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Debra I. Grassgreen (dgrassgreen@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com); (ii) counsel to the Agent, Sullivan & Cromwell LLP, Attn: Ari B. Blaut (blauta@sullcrom.com), Daniel R. Loeser (loeserd@sullcrom.com), Benjamin S. Beller (bellerb@sullcrom.com), Mark E. Dendinger (mark.dendinger@bracewell.com), Jonathan Lozano (jonathan.lozano@bracewell.com); (iii) counsel to the Prevailing Purchaser, if one has been determined; (iv) counsel to any appointed committee; (v) counsel to the Stalking Horse Bidder(s), if any; and (vi) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (ha.nguyen@usdoj.gov) (the

DOCS_LA:348956.7 14039/001

"Objection Notice Parties"). All objections will be heard by the Court at the Sale Hearing, or such other date as determined by the Court.

34.     Subject to the Bid Procedures and this Bid Procedures Order, the Debtors reserve their rights, in the exercise of their fiduciary obligations, in consultation with the Committee and subject to the Agent's consent, to: (a) determine (i) which Qualifying Bid, if any, is the highest or otherwise best offer; and (ii) reject at any time before entry of an order of the Court approving the Successful Bid, any bid that, in the Debtors' reasonable discretion and with the Agent's consent, is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (3) contrary to the best interests of the Debtors, their estates and creditors; (b) modify the Bid Procedures or impose, at or before the Auction, additional customary terms and conditions on the Transaction involving the Assets, including, without limitation: (i) extending the deadlines set forth in the Auction procedures; (ii) modifying bidding increments; (iii) adjourning the Auction; (iv) adjourning the Sale Hearing in open court without further notice; (v) withdrawing from the Auction the Assets at any time before or during the Auction; or (vi) canceling the Auction.

35.     Nothing in this Bid Procedures Order shall preclude the Debtors and their professionals from consulting with or providing information to the Agent and its professionals or other prospective bidders and their professionals that the Debtors, in consultation with their professionals, believe will facilitate the sale process contemplated herein or to which a prospective bidder consents.

36.     Notwithstanding anything to the contrary in this Bid Procedures Order or the Bid Procedures and Sale Motion, any payment, obligations, or other relief authorized by this Bid Procedures Order shall be subject to the terms, conditions, and limitations of the Cash Collateral

Order then in effect, including any budget in connection therewith.

37.     Any substantial contribution claims by any Qualified Bidder are deemed waived, to the extent based solely on such Qualified Bidder's submission of a bid in accordance with the Bid Procedures.

38.     This Bid Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 trustee or other fiduciary appointed for the estates of the Debtors.

39.     To the extent of the deadlines set forth in this Bid Procedures Order do not comply with the Bankruptcy Local Rules, such Bankruptcy Local Rules are waived and the terms of this Bid Procedures Order shall govern.

40.     Notice of the Bid Procedures and Sale Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

41.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bid Procedures Order in accordance with the Bid Procedures and Sale Motion.

42.     Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Bid Procedures Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stay described in Bankruptcy Rules 6004(h) and 6006(d) is hereby waived.

43.     The Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Bid Procedures Order.


Dated:

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Bid Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al., | Case No. 23-90295 (DRJ) |
| Debtors. [1] | (Joint Administration Requested) |

**BID PROCEDURES**

On May 14, 2023, Athenex, Inc. and its debtor-affiliates (the "Debtors" or the "Company"), as debtors in possession, each filed a voluntary petition for relief (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

To successfully navigate the chapter 11 process, the Debtors propose to explore a sale of substantially all of their assets[2] (the "Transaction" or the "Sale") by implementing a competitive bidding process designed to generate maximum net value to the Debtors, their creditors, and the estates, culminating in an auction (the "Auction").

The bid procedures set forth herein (the "Bid Procedures") describe, among other things, the manner in which the bidders and bids become Qualified Bidders and Qualifying Bids (each as defined below), respectively, the receipt and negotiation of bids received, the conduct of the Auction, if any, the ultimate selection of the Prevailing Purchaser(s), (as defined below) if any, and Court approval thereof (collectively, the "Bidding Process").

On May 14, 2023, the Debtors filed their *Motion for (i) Entry of an Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (ii) Entry of an Order Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (b) the Assumption and Assignment of Certain Contracts and*

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

[2]  The Assets to be sold or otherwise transferred are any and all of the assets, rights, and properties pertaining to or used in connection with the operation of the Debtors' business, but excluding any assets of Debtor Athenex Pharma Solutions, LLC.

1

*Unexpired Leases* [Dkt. No. ____] (the "Bid Procedures and Sale Motion"),[3] seeking, among other things, approval of the Bid Procedures outlined herein. These Bid Procedures were approved and authorized pursuant to the *Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (d) Granting Related Relief* (the "Bid Procedures Order") entered by the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

      1.      <u>Property to be Sold</u>

The Debtors intend to pursue a sale of substantially all of their assets, rights, and properties pertaining to or used in connection with the operation of the Debtors' business, excluding any assets of Athenex Pharma Solutions, LLC (collectively, the "Assets") and to identify the person or entity making the highest or otherwise best bid at the Auction (the "Prevailing Purchaser"). The Assets include the Debtors' major business segments, including the Oncology Innovation Platform (Cell Therapy and Orascovery) and their Commercial Platform as described in the First Day Declaration,[4] including inventory held by the Debtors. However, any assets held by Athenex Pharma Solutions, LLC ("APS") are excluded and are not Assets.

      2.      <u>Selection of a Stalking Horse Bidder</u>

No later than June 2, 2023, the Debtors may enter into an agreement (a "Stalking Horse Agreement") in form and substance acceptable to the Agent and in consultation with the Official Committee of Unsecured Creditors (the "Committee"), and subject to approval by the Court and higher or otherwise better offers at the Auction, with one or more stalking horse bidders (each, a "Stalking Horse Bidder") to establish a minimum bid at the Auction with respect to all or any portion of the Assets. In the event that one or more Stalking Horse Bidders are selected, the Debtors shall seek Court approval of each Stalking Horse Bidder pursuant to the Bid Procedures Order.

The Stalking Horse Agreement, subject to the consent of the Agent and consultation with the Committee, may contain an expense reimbursement for the reasonable, documented out-of-pocket expenses of the Stalking Horse Bidder incurred in connection with the Stalking Horse Agreement in an aggregate amount not to exceed the lesser of (i) one percent (1%) of the cash portion of the purchase price under the Stalking Horse Agreement, and (ii) $250,000, and (b) a break-up fee for the Stalking Horse Bidder in an amount not to exceed three percent (3%) of the cash portion of the purchase price under the Stalking Horse Agreement ((a) and (b) of this sentence, collectively, the "Bid Protections"), payable only from the proceeds of a Sale with a Qualified Bidder other than the Stalking Horse. The Bid Protections shall be an allowed administrative expense.

      3.      <u>Participation Requirements</u>

Any person wishing to participate in the Bidding Process (each, a "Potential Bidder") must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder, a Potential Bidder must:

---

[3]    All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Bid Procedures and Sale Motion or the Bid Procedures, as applicable

[4]    *See Declaration of Nicholas K. Campbell, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration").

a.   deliver an executed confidentiality agreement in form and substance reasonably acceptable to the Debtors (a "Bidder Confidentiality Agreement"); and

b.   be able, as determined by the Debtors and with the Agent's consent, to consummate a Transaction based on a Qualifying Bid (as defined below).

The Debtors, in consultation with the Committee and with the Agent's consent, shall determine whether a Potential Bidder who satisfies the foregoing prerequisites shall be deemed a "Qualified Bidder."

The Stalking Horse Bidder(s), if any, are deemed to be Qualified Bidder(s) and the Stalking Horse Agreement(s) constitute Qualifying Bid(s) for all purposes.

The Debtors reserve the right, with the Agent's consent, (a) at any time to require any Potential Bidder previously determined to be a Qualified Bidder (other than the Stalking Horse Bidder, if any) to provide additional evidence of its ability to consummate a Transaction based on a Qualifying Bid in order to remain a Qualified Bidder, and (b) to exclude any such Potential Bidder (other than the Stalking Horse Bidder, if any) from participating further in the Auction as a result of its inability to satisfy such further requirements to remain a Qualified Bidder.

4.   Due Diligence

To the extent permitted by these Bid Procedures, the Debtors shall afford any Qualified Bidder the time and opportunity to conduct reasonable due diligence. This will include an opportunity for Qualified Bidder(s) to receive access to a comprehensive data room containing information about the Debtors and the Assets, to request additional information from the Debtors, and to discuss due diligence issues with representatives of the Debtors. To obtain information in addition to the information contained in the electronic data room, a Qualified Bidder must first advise the Debtors in writing of the nature and extent of such additional due diligence such Qualified Bidder may wish to conduct. The due diligence period shall extend to the Bid Deadline (as defined below). The Debtors, with the Agent's consent, will be permitted to place reasonable restrictions on a Qualified Bidder's due diligence visits and requests for additional information. The Debtors shall afford the Agent the same time and opportunity to conduct reasonable due diligence that it will provide to any other Qualified Bidder, including, without limitation, the rights and opportunities detailed in this Paragraph 4 of the Bid Procedures. The Debtors have designated their investment banker, Cassel Salpeter & Co., LLC, to coordinate the response to all reasonable requests for additional information and due diligence from Qualified Bidders. Interested bidders should contact Philip Cassel, Managing Director, at pcassel@cs-ib.com and James S. Cassel, Chairman, at jcassel@cs-ib.com.

The Debtors and their representatives shall not be obligated to furnish any due diligence information after the Bid Deadline. Neither the Debtors nor any of their respective representatives are obligated to furnish any information relating to the Assets to any person other than a Qualified Bidder. Due diligence shall be completed on or before the Bid Deadline.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making a bid; that it has relied solely upon its own independent review, investigation and/or inspection of any documents and

the Assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise regarding the Assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures.

5.    Bid Requirements/Determination of Qualifying Bid Status

To be deemed a "Qualifying Bid," a bid must be received from a Qualified Bidder by a date no later than the Bid Deadline that is in cash and:

a.    Identification of Qualified Bidder. Identifies the party submitting the bid (and any equity holders, in the case of a Qualified Bidder which is an entity specially formed for the purpose of effectuating the contemplated transaction) and the representatives thereof who are authorized to appear and act on its behalf for all purposes regarding the contemplated Transaction;

b.    Proposed Acquired Property. Identifies the Debtors' assets that the Qualified Bidder is bidding on (such specified property is the "Proposed Acquired Property");

c.    Purchase Price Allocation. Specifies the portion of the aggregate purchase price that is being allocated to each of the Debtors' assets;

d.    Irrevocability of Bid. Includes a letter stating that the Qualified Bidder's offer is irrevocable[5] until the closing of the Transaction if such Qualified Bidder is the Prevailing Purchaser, and that the Qualified Bidder agrees to serve as a Back-up Bidder if such bidder's Qualifying Bid is selected as the next highest or otherwise next best bid after the Successful Bid (as defined below) (the "Back-Up Bid," and the Qualified Bidder making the Back-Up Bid, the "Back-Up Bidder");

e.    Consideration. Identifies the cash consideration to be paid for the Proposed Acquired Property, or such other consideration as is acceptable to the Debtors and the Agent;

f.    Assumed Liabilities. Identifies the Debtors' liabilities that the Qualified Bidder seeks to assume;

g.    Identification of Executory Contracts and Unexpired Real Property Leases. Identifies with particularity the Debtors' executory contracts and unexpired leases with respect to which the Qualified Bidder seeks to receive an assignment;

---

[5]    The Back-up Bidder shall be required to keep its bid open and irrevocable until 5:00 p.m. (prevailing Central time) on the date which is the earlier of (a) thirty (30) days after entry of the order approving the Transaction with the Prevailing Purchaser (the "Outside Back-up Date") and (b) the closing of the Transaction with the Prevailing Purchaser.

4

h.   Adequate Assurance Information. Includes sufficient financial or other information (the "Adequate Assurance Information") to establish adequate assurance of future performance with respect to any lease or contract to be Assigned to the Qualified Bidder in connection with the proposed transaction. The bid shall also identify a contact person (with relevant contact information) that counterparties to any lease or contract can contact to obtain additional Adequate Assurance Information;

i.   Asset Purchase Agreement. Includes a duly authorized and executed asset purchase agreement providing for the purchase of the Proposed Acquired Assets (the "Qualified Bidder Agreement"), together with a copy of such agreement marked to show the specific changes to the Form APA[6] that the Qualified Bidder requires (a "Marked Agreement"). The Qualified Bidder Agreement shall:

   i.   be on terms and conditions no less favorable to the Debtors' estates than the terms and conditions contained in the Stalking Horse Agreement, if any (as determined by the Debtors in their reasonable business judgment with the Agent's consent and in consultation with the Committee);

   ii.   include a complete set of all disclosure schedules and exhibits thereto marked to show the specific changes to the disclosure schedules and exhibits to the Stalking Horse Agreement, if applicable;

   iii.   (1) not contain any financing contingencies of any kind to closing on the proposed Transaction; and (2) provide for expiration of any due diligence contingency on or before the Bid Deadline; and

   iv.   not contain any condition to closing of the proposed Transaction on the receipt of any third party approvals (excluding that required by the Court, governmental, and/or regulatory approval).

j.   No Financing or Diligence Contingencies. Include sufficient financial or other information to demonstrate that the bid does not contain any financing contingencies of any kind to closing on the proposed Transaction;

k.   Value to the Estate in Excess of Stalking Horse Agreement, if any. To the extent a Stalking Horse Bidder is selected prior to the Bid Deadline, will result in a value to the Debtors' estates in the Debtors' business judgment with the Agent's consent and in consultation with the Committee, that is more than the aggregate of the value of the sum of: (A) the cash purchase price of the Stalking Horse Agreement; plus (B) the Stalking Horse Bidder's assumed liabilities in an estimated amount determined by the Debtors with the Agent's consent and in consultation with the Committee; plus (C) the sum of the Bid Protections; plus (D) $100,000;

---

[6]   The Form APA shall be in form and substance reasonably acceptable to the Agent.

DOCS_LA:348956.7 14039/001

l.      Evidence of Financial Ability. Includes sufficient evidence of the Qualified Bidder's ability to consummate the Transaction and payment of the purchase price in cash at the date the Transaction is scheduled to close (the "Closing"), including, but not limited to a signed commitment for any debt or equity financing; a bank or other account statement showing the ability of a Qualified Bidder to pay cash for the Proposed Acquired Assets; contact names and numbers for verification of financing sources; and current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement, acceptable to the Debtors with the Agent's consent and in consultation with the Committee of the Qualified Bidder or those entities that will guarantee in full the payment obligations of the Qualified Bidder;

m.      Deposit.  Is accompanied by a cash deposit by wire transfer to an escrow agent selected by the Debtors with the Agent's consent (the "Deposit Agent") in an amount equal to 10% of the cash purchase price of the  bid that will constitute liquidated damages of  the  Debtors if the Qualified Bidder shall default with respect to its offer (the "Good Faith Deposit"). The Qualified Bidder must deliver the Good Faith Deposit on or before the Bid Deadline;

n.      No Break-Up Fee. Except for any Stalking Horse Bidder(s), includes sufficient information to indicate that the Qualified Bidder is not entitled to any break-up fee, expense reimbursement, or similar type of payment;

o.      Due Diligence. Includes a letter acknowledging and representing that the Qualified Bidder:

  i.      has had an opportunity to conduct, and has completed, any and all due diligence regarding  the  Proposed Acquired Assets before making its bid;

  ii.     has relied solely on its own independent review, investigation and/or inspection of any documents and the Proposed Acquired Assets in making its bid; and

  iii.    did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Proposed Acquired Assets, or the completeness of any information  provided in connection  therewith, except as expressly stated in these Bid Procedures and in the representations and warranties contained in the Form APA submitted as part of the Qualifying Bid (as it may be modified before acceptance and execution by the Debtors);

p.      Corporate Authority.  Includes sufficient evidence of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Qualified Bidder  Agreement;

DOCS_LA:348956.7 14039/001

q. <u>Regulatory Approvals and Covenants</u>. Identifies each regulatory and third-party approval required for the Qualified Bidder to consummate the Transaction, if any, and the time period within which the Qualified Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty (30) days following the execution and delivery of the Qualified Bidder Agreement, those actions the Qualified Bidder will take to ensure receipt of such approvals as promptly as possible);

r. <u>Consent to Jurisdiction and Authority to Enter Final Orders</u>. States that the Qualified Bidder consents to the jurisdiction of the Court and to the entry of a final judgment or order with respect to the Qualified Bidder's offer, as well as with respect to any aspect of the Bid Procedures and Sale Motion, including the Bid Procedures, and all orders of the Court entered with respect to the Transaction, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

The Debtors, with the Agent's consent and in consultation with the Committee, shall determine whether a competing bid that meets the above requirements constitutes a "<u>Qualifying Bid</u>". The Debtors shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than June 14, 2023.

6. <u>Bid Deadline</u>

a. A Qualified Bidder that desires to make a bid shall deliver a written or electronic copy of its bid so as to be received no later than 5:00 p.m. (prevailing Central Time) on **June 12, 2023** (the "<u>Bid Deadline</u>"), to (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 440 Louisiana Ave., Suite 900, Houston, Texas, 77002, Attn: Michael D. Warner (mwarner@pszjlaw.com) and at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067, Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Debra I. Grassgreen (dgrassgreen@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com) ("<u>Debtors' Counsel</u>"); (ii) Cassel Salpeter & Co., LLC, Attn: Philip Cassel (pcassel@cs-ib.com) and James S. Cassel (jcassel@cs-ib.com); and (iii) counsel to the Agent, Sullivan & Cromwell LLP, Attn: Ari B. Blaut (blauta@sullcrom.com), Daniel R. Loeser (loeserd@sullcrom.com), Benjamin S. Beller (bellerb@sullcrom.com). The Debtors shall notify the Stalking Horse Bidder and other Qualified Bidders that have submitted Qualifying Bids if one or more Qualifying Bids are received.

b. The Debtors, with the Agent's consent, may extend the Bid Deadline at any time on or before the date of the Bid Deadline. If the Debtors, with the Agent's consent, extend the Bid Deadline, the Debtors will promptly notify all Qualified Bidders of such extension.

7

7.      Aggregate Bids

Persons who collectively are referred to as a "Qualified Bidder" need not be affiliates and need not act in concert with one another and the Debtors may, with the Agent's consent and in consultation with the Committee, aggregate separate bids from unaffiliated persons to create one bid from a Qualified Bidder; provided, however, that all bidders shall remain subject to the provisions of Bankruptcy Code section 363(n) regarding collusive bidding.

8.      Evaluation of Qualifying Bids

a.      The Debtors shall determine, in their reasonable judgment after consultation with the Debtors' financial and legal advisors, and the Committee, and with the Agent's consent, which of the Qualifying Bids is likely to result in the highest and best value to the Debtors' estates (the "Initial Highest Bid").

b.      Not later than June 14, 2023, the Debtors will provide to the Auction Participants (as defined below), the Committee and the Agent a copy of the Initial Highest Bid. To allow the Auction Participants to evaluate the Initial Highest Bid, the Debtors shall use commercially reasonable efforts to disclose the value that, in their business judgment and with the Agent's consent, they place on the Initial Highest Bid. The Debtors shall also use commercially reasonable efforts to disclose to each Auction Participant the value that, in their business judgment, they place on such Auction Participant's Qualifying Bid.

9.      No Qualifying Bids

Subject to the Agent's right to exercise its Credit Bid Right, if only one timely Qualifying Bid (including the Stalking Horse Bidder's bid, if any) is received by the Bid Deadline or if a Stalking Horse Bidder's Qualifying Bid is determined to be the Initial Highest Bid and there are no other Qualifying Bids, the Debtors shall not hold an Auction. At any time, the Debtors reserve the right to cancel or postpone the Auction with the consent of the Agent.

10.     Right to Credit Bid

In conjunction with any Transaction and except as otherwise provided herein, the Agent may credit bid any portion and up to the entire amount of the Prepetition Term Loan Secured Indebtedness (as defined in the Cash Collateral Order)[7] (the "Credit Bid Right"). The Agent shall be deemed to be a Qualified Bidder in all respects, the Credit Bid Right shall be deemed to be a Qualifying Bid in all respects, and the Agent may credit bid at any time prior to the conclusion of the Auction regardless of whether the Agent participated in prior rounds at the Auction. The Agent shall not be required to submit a Good Faith Deposit, Qualified Bidder Agreement, or any other deliverable or documentation to the Debtors, the Debtors' Counsel, or their representatives or agents. Upon exercise of the Credit Bid Right, the Agent shall not be required to take title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), or be deemed to have taken title to or

---

[7] "Financing Order" shall mean the Cash Collateral Order then in effect.

ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), the Assets, and the Agent shall have the right to designate any person or entity that shall take title to the Assets that are subject to the Credit Bid Right. No other person may credit bid on the Prepetition Collateral or the Collateral unless the entire amount of the Prepetition Term Loan Secured Indebtedness will be paid in full in cash on the Closing of the proposed Transaction.  Notwithstanding anything to the contrary in these Bid Procedures, in the event the Agent or any individual member of the Committee becomes a Potential Bidder or Qualified Bidder, such party shall forego all consent and consultation rights otherwise provided in the Bid Procedures until such time as such party is no longer a Potential Bidder or Qualified Bidder.

11.    <u>Auction</u>

In the event that (a) the Debtors timely receive one or more Qualifying Bids, or (b) in the event that a Stalking Horse Bidder is selected, the Debtors receive a Qualifying Bid that the Debtors in their business judgment (with the Agent's consent and in consultation with the Committee), determine to be the Initial Highest Bid, the Debtors shall conduct the Auction with respect to such Qualifying Bids in order to determine, in the business judgment of the Debtors with the Agent's consent and in consultation with the Committee, the Successful Bid. The Auction shall be governed by the following procedures:

a.    Only the Stalking Horse Bidder, if any, and the other Qualified Bidders who have made a Qualifying Bid shall be entitled to make any subsequent Qualifying Bids at the Auction (the "<u>Auction Participants</u>"). Prior to the commencement of the Auction, the Debtors shall notify the Agent, the Committee and all Auction Participants the identity of the other Auction Participants (and any equity holders, in the case of an Auction Participant which is an entity specially formed for the purpose of effectuating the contemplate d transaction).

b.    The Debtors, the Agent, the Auction Participants, their respective professionals, and any representatives of the Committee, may participate and be heard at the Auction, but only the Auction Participants (including the Stalking Horse Bidder, if any) will be entitled to make any subsequent Qualifying Bids at the Auction. If a Stalking Horse Bidder or any other Qualified Bidder appears through a duly authorized representative, such representative must have been granted a valid and enforceable power of attorney or have other written proof evidencing his or her ability to bind such party, which document(s) shall be delivered to the Debtors at least one business day before the Auction.

c.    The Auction, if required, shall commence at **10:00 a.m.**, prevailing Central time, on **June 15, 2023**. The Auction will take place either virtually or physically at Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA, 90067, or at such later time or other place as agreed by the Agent and the Debtors or approved by order of the Court, and of which the Debtors will notify the Auction Participants.

d.   Bidding shall commence at the amount and terms of the Initial Highest Bid, with the next bids to exceed the Initial Highest Bid by the increment set forth below.

e.   Each of the Auction Participants shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Transaction.

f.   At the commencement of the Auction, the Debtors shall formally announce the Initial Highest Bid. For each round, all Qualifying Bids at the Auction will be based on the Initial Highest Bid and increased therefrom, and thereafter made in minimum increments of at least $100,000 or higher than the previous Qualifying Bid or in such other increments as the Debtors may determine, with the Agent's consent.

g.   The Stalking Horse Bidder(s) shall be entitled to submit successive Qualifying Bids as overbid at the Auction and, in calculating the amount of a Stalking Horse Bidder's overbid, a Stalking Horse Bidder shall be entitled to a credit in the amount of the Bid Protections. For example, if at the Auction a subsequent Qualifying Bid submitted by a Stalking Horse Bidder is the Successful Bid (over another Qualifying Bid that was submitted), then the purchase price that must be paid by the Stalking Horse Bidder pursuant to such Successful Bid shall be reduced by the amount of the Bid Protections.

h.   The Auction Participants shall have the right to submit successive Qualifying Bids as overbids and make additional modifications to the Stalking Horse Agreement or the Qualified Bidder Agreement at the Auction; provided, however, that any such modifications to the Qualified Bidder Agreement on an aggregate basis and viewed in whole, shall be not less favorable to the Debtors' estates, as determined by the Debtors, in consultation with the Committee and with the Agent's consent, than the terms of the highest and best Qualifying Bid at that time.

i.   The Auction will be conducted openly and the Auction Participants will be informed of the terms of the highest and best previous bid.

j.   Upon conclusion of the Auction, the Debtors will (i) review each Qualifying Bid on the basis of, *inter alia*, financial and contractual terms and other factors relevant to the purchase process, including those factors affecting the speed and certainty of consummating the transaction, and (ii) with the Agent's consent and in consultation with the Committee, identify the highest or otherwise best bid (the "Successful Bid"). In making this determination, the Debtors may, with the Agent's consent, consider, among other things, the amount of cash and other consideration to be paid and the liabilities to be assumed or otherwise satisfied.

k.   The Qualified Bidder that submitted the Successful Bid shall, subject to all other provisions hereof, become the Prevailing Purchaser and shall have such

10

rights and responsibilities of the purchaser, as set forth in the applicable Stalking Horse Agreement or Qualified Bidder Agreement.

l.   By making a Qualifying Bid at the Auction, an Auction Participant (including the Stalking Horse Bidder, if any) shall be deemed to have agreed to keep its final Qualifying Bid made at the Auction open through the earlier of (i) thirty (30) days after entry of the order approving the Transaction with the Prevailing Purchaser (the "Outside Back-up Date"), and (ii) the closing of the Transaction with the Prevailing Purchaser, if such Qualifying Bid is selected as the Back-up Bid.

m.   To facilitate a deliberate and orderly consideration of competing Qualifying Bids submitted at the Auction, the Debtors, with the Agent's consent, may adjourn the Auction at any time and from time-to-time and may conduct multiple rounds of bidding. Before conclusion of the Auction, the Debtors may, with the Agent's consent and in consultation with the Committee, permit one or more Auction Participants to join together as a single Qualified Bidder for the purpose of submitting a joint Qualifying Bid to acquire either some or all of the Proposed Acquired Property.

n.   The Debtors, with the Agent's consent, shall have the right to adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they determine in their business judgment will promote the goals of the Auction, including promoting the highest or otherwise best value for the Debtors' estates.

12.   Sale Hearing

a.   The Successful Bid will be subject to approval by the Debtors, subject to the consent of the Agent and in consultation with the Committee, and the Court. Unless the Agent is the Prevailing Purchaser at the Auction and chooses to implement its credit bid through the Plan, the evidentiary hearing to consider approval of the Successful Bid (the "Sale Hearing") will be held at the United States Courthouse, 515 Rusk St., Houston, Texas, 77002 on, **June __, 2023 at __:____ __.m.** (prevailing Central Time) or such other date as the Court's docket may accommodate. The Sale Hearing may be adjourned or rescheduled as ordered by the Court, or by the Debtors with the Agent's consent, but without further notice to creditors and parties in interest other than by announcement by Debtors of the adjourned date at the Sale Hearing.

b.   The Debtors' presentation to the Court for approval of a Successful Bid does not constitute the Debtors' acceptance of the Successful Bid. The Debtors shall be deemed to have accepted a Successful Bid only when the Successful Bid has been approved by order of the Court.

c.   At the Sale Hearing, the Debtors will seek the entry of an order of the Court approving and authorizing the Transaction to the Prevailing Purchaser at the

11

Auction on the terms and conditions of the Successful Bid. The Prevailing Purchaser shall appear at the Sale Hearing and be prepared to testify in support of the Successful Bid and the Prevailing Purchaser's ability to close in a timely manner, including with respect to demonstrating adequate assurance of future performance that may be required in connection with any Designated Contracts.

d.   Should at any time contemplated by these Bid Procedures and the Order, the Agent fails to give the Debtors consent or there is a disagreement between the Agent and the Debtors as to such consent, the Debtors and/or the Agent may seek a determination from the Bankruptcy Court to resolve such dispute on an emergency basis.

13.   <u>Return of Good Faith Deposit(s)</u>

a.   Except as provided herein, the Good Faith Deposit of all Qualified Bidders held by the Deposit Agent (other than the Stalking Horse Bidder, if any, and the Prevailing Purchaser) shall be returned, without interest, to each such Qualified Bidder not selected by the Debtors as the Prevailing Purchaser no later than five (5) business days following the Auction, except for the Back-up Bidder, subject to the terms of the escrow agreement pursuant to which such Good Faith Deposit is held.

b.   The Good Faith Deposit of the Stalking Horse Bidder and the Prevailing Purchaser will be distributed pursuant to and in accordance with (i) the Stalking Horse Agreement or the Qualified Bidder Agreement, as applicable; and (ii) the escrow agreement pursuant to which such Good Faith Deposit is held.

c.   The Good Faith Deposit of the Back-up Bidder shall be returned, without interest, no later than three (3) business days after the earlier to occur of (i) the closing of the Transaction with the Prevailing Purchaser; or (ii) the Outside Back-up Date.

14.   <u>Failure to Consummate Transaction</u>

a.   If the Auction is conducted, the party (including the Stalking Horse Bidder) with the next highest and best Qualifying Bid to the Successful Bid, as determined by the Debtors in the exercise of their business judgment and with the Agent's consent, at the Auction shall serve as a Back-Up Bidder and such bid shall be open and irrevocable until 5:00 p.m. (prevailing Central Time) on the date which is the earlier of (i) Outside Back-up Date and (ii) the closing of the Transaction with the Prevailing Purchaser.

b.   Following the Sale Hearing, if the Prevailing Purchaser fails to consummate an approved Transaction, the Back-up Bidder, with the Agent's consent, will be deemed to be the new Prevailing Purchaser, and the Debtors, with the Agent's consent, will be authorized to consummate the Transaction with the Back-up

Bidder without further order of the Court and such last Qualifying Bid of the Back-up Bidder shall thereupon be deemed the Successful Bid. A defaulting Prevailing Purchaser's Good Faith Deposit shall be forfeited to the Debtors, and the Debtors specifically reserve the right to seek all additional available damages from the defaulting Prevailing Purchaser.

c.    If any Auction Participant fails to consummate the Transaction because of a breach or failure to perform on the part of such Auction Participant, the process described in this section may continue as determined by the Debtors with the Agent's consent until an Auction Participant consummates the Transaction.

15.    <u>Objections</u>

a.    Objections, if any, to the identity of the Prevailing Purchaser (the "<u>Objections</u>") shall be filed with the Court not later than **<u>June 19, 2023 at 4:00 p.m. (prevailing Central Time)</u>** (the "<u>Objection Deadline</u>").

b.    Any Objections not resolved prior to the Sale Hearing shall be argued at the Sale Hearing or such other time as set by the Court.

16.    <u>Modifications</u>

Subject to these Bid Procedures and the Order, the Debtors reserve their rights, in the exercise of their fiduciary obligations, and subject to the Agent's consent and in consultation with the Committee (when applicable), to:

a.    Determine (i) which Qualifying Bid, if any, is the highest or otherwise best offer; and (ii) reject at any time before entry of an order of the Court approving the Successful Bid, any bid that, in the Debtors' reasonable discretion and with the Agent's consent and consultation with the Committee, is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (3) contrary to the best interests of the Debtors, their estates and creditors.

b.    Modify the Bid Procedures or impose, at or before the Auction, additional customary terms and conditions on the Transaction involving the Assets, including, without limitation: (i) extending the deadlines set forth in the Auction procedures; (ii) modifying bidding increments; (iii) adjourning the Auction; (iv) adjourning the Sale Hearing in open court without further notice; (v) withdrawing from the Auction the Assets at any time before or during the Auction; or (vi) canceling the Auction.

The Debtors, with the Agent's consent, may extend any of the deadlines, or delay any of the applicable dates, in these Bid Procedures.

DOCS_LA:348956.7 14039/001

**Exhibit B**

**Transaction Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al., | Case No. 23-90295 (DRJ) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICE OF (I) THE TERMS AND CONDITIONS OF THE
TRANSACTION; DEADLINE FOR FILING OBJECTIONS TO THE
TRANSACTION; (III) DATE OF SALE HEARING; AND (IV) DATE OF AUCTION**

**PLEASE TAKE NOTICE THAT:**

1.      On May 14, 2023 (the "Petition Date"), Athenex, Inc. and its debtor-affiliates (the "Debtors" or the "Company") each commenced a bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On May 14, 2023, the Debtors filed their *Motion for (i) Entry of an Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (ii) Entry of an Order Approving (a) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims,*

---

[1]      A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

1

*Encumbrances and Interests; and (b) the Assumption and Assignment of Certain Contracts and Unexpired Leases* [Dkt. No. _____] (the "Bid Procedures and Sale Motion").[2]

3.        The Debtors are soliciting offers for the Assets, and the Court has entered the *Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (d) Granting Related Relief* [Dkt. No. __] (the "Bid Procedures Order") approving auction and sale procedures (the "Bid Procedures") for the Assets.[3]

4.        Pursuant to the Bid Procedures and Sale Motion, the Debtors propose to potentially: (a) sell the Assets to the party submitting the highest or otherwise best bid for the Assets (the "Prevailing Purchaser") at an auction (the "Auction"), free and clear of all liens, claims, or encumbrances thereon, except for certain assumed liabilities and permitted encumbrances as negotiated with the Prevailing Purchaser; and (b) assume and assign certain executory contracts and unexpired leases of the Debtors to the Prevailing Purchaser.

5.        The Bid Procedures approved by the Bid Procedures Order describe, *inter alia*, the terms of the Bidding Process, the requirements and deadlines for participation therein, required terms of any bids, and the time, location and conduct of the Auction.

6.        The Court has scheduled the Auction of the Assets on **June 15,  2023 at 10:00 a.m. (prevailing Central Time)** at the option of the Debtors to be determined either virtually or physically at Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los

---

[2]    All capitalized terms not herein defined shall have the meanings ascribed to them in the Bid Procedures and Sale Motion.  The Assets to be sold or otherwise transferred are any and all of the assets, rights, and properties pertaining to or used in connection with the operation of the Debtors' business, but excluding any assets of Debtor Athenex Pharma Solutions, LLC.

[3]    Copies of the Bid Procedures and Sale Motion, the Bid Procedures Order, the Bid Procedures, and in the Stalking Horse Agreement, if any, may be obtained free of charge at the website dedicated to the Debtors' Chapter 11 Cases maintained by their claims and noticing agent and administrative advisor, Epiq Restructuring, LLC, located at https://dm.epiq11.com/athenex.

Angeles, CA, 90067.  All interested, qualified parties are invited to submit a qualifying bid to purchase the Assets.

7.      The Court has scheduled a hearing on **June __, 2023 at __:___ __.m. (prevailing Central Time)** (the "Sale Hearing") to potentially approve the sale of the Assets. The Sale Hearing, if any, will be held before the Honorable Judge Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk St., Houston, Texas 77002.

8.      Any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court by **June 9, 2023 at 4:00 pm (prevailing Central Time)** (the "Objection Deadline").  At the same time, any objecting party must also serve a copy of the objection, so as to be received by the Objection Deadline on: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 440 Louisiana Ave., Suite 900, Houston, Texas, 77002, Attn: Michael D. Warner (mwarner@pszjlaw.com) and at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067, Attn: Richard M. Pachulski (rpachulski@pszjlaw.com) Debra I. Grassgreen (dgrassgreen@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com); (ii) counsel to the Agent, Sullivan & Cromwell LLP, Attn: Ari B. Blaut (blauta@sullcrom.com), Daniel R. Loeser (loeserd@sullcrom.com), Benjamin S. Beller (bellerb@sullcrom.com); (iii) counsel to the Prevailing Purchaser, if one has been determined; (iv) counsel to any appointed committee; (v) counsel to the Stalking Horse Bidder(s), if any; and (vi) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, (Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov) (collectively, the "Objection Notice Parties").

9.      All requests for information concerning the Assets should be directed toward to the Debtors' investment banker, Cassel Salpeter & Co., LLC, Attn: Philip Cassel, Managing Director, at pcassel@cs-ib.com and James S. Cassel, Chairman, at jcassel@cs-ib.com.

10.      The Auction may be adjourned from time to time as agreed by the Agent and the Debtors as approved by order of this Court, and of which the Debtors will notify the Auction participants. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court or by notice filed on the docket in these Chapter 11 Cases.

11.      If you are a counterparty to an Executory Contract, the Debtors will serve you with separate notice of the potential assumption of your executory contract and the objection deadlines in connection with same by first class mail (the "Assumption Notice").[4] The Debtors will also file the Assumption Notice on the Court's docket.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

*[Remainder of the page intentionally left blank]*

---

[4]      The listing of a contract or lease on the Assumption Notice, and/or any Supplemental Assumption Notice, is not (a) a request to assume such agreement; or (b) an acknowledgment or admission that such contract or lease is executory pursuant to section 365 of the Bankruptcy Code.

Dated: [●]                                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Shirley S. Cho (*pro hac vice* pending)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
scho@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

5

**Exhibit C**

**Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al., | Case No. 23-90295 (DRJ) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
WHICH MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION
365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND THE
PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

**PLEASE TAKE NOTICE THAT:**

1.      On May 14, 2023 (the "Petition Date"), Athenex, Inc. and its debtor-affiliates, (the "Debtors" or the "Company") each commenced a bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Additionally, on May 14, 2023, the Debtors filed their *Motion for Entry of an Order Approving (a) Bid Procedures; (b) the Form and Manner of Notice; (c) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and Entry of an Order Approving (a) the Sale of Substantially All of the Debtors' Assets Free and Clear of All*

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

1

*Liens, Claims, Encumbrances and Interests; and (b) the Assumption and Assignment of Certain Contracts and Unexpired Leases* [Dkt. No.\_\_] (the "Bid Procedures and Sale Motion")[2] with the United States Bankruptcy Court for the Southern District of Texas.

3.  Pursuant to the Bid Procedures and Sale Motion, the Debtors sought (a) entry of an order (the "Bid Procedures Order") (i) approving the bid procedures (the "Bid Procedures"); (ii) approving the form and manner of notice of transaction (the "Transaction Notice") that sets forth the Bid Procedures and the date, time, and place for an auction, as required by the Bid Procedures; (iii) approving the form and notice of assumption (the "Assumption Notice") and, if necessary, assignment, of executory contracts and expired leases (each an "Executory Contract"); (iv) establishing procedures for determining cure amounts in connection with the assumption (and, if necessary, assignment) of Executory Contracts; and (v) granting such other relief as is fair and equitable; and, if the Debtors pursue a sale of the Assets, (b) the entry of an order (the "Sale Order"): (i) approving the sale of the Debtors' Assets free and clear; and (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (iii) granting such other relief as is fair and equitable.

4.  The Court entered the Bid Procedures Order on May \_\_\_, 2023 [Dkt. No.\_\_].

5.  In accordance with the Objection and Cure Procedures, the Debtors are delivering this notice (the "Assumption Notice") identifying (a) those Executory Contracts, which may be assumed and assigned to the Prevailing Purchaser (the "Designated Contracts") in connection with the Sale of the Assets, and in accordance with the procedures set forth in the Bid Procedures and Sale Order;

---

[2]  All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Bid Procedures and Sale Motion. The Assets to be sold or otherwise transferred are any and all of the assets, rights, and properties pertaining to or used in connection with the operation of the Debtors' business, but excluding any assets of Debtor Athenex Pharma Solutions, LLC.

and (b) the proposed Cure Amount for each Executory Contract identified on the Assumption Notice.

6.      An Executory Contract with respect to which you have been identified as a counterparty, if, any and the corresponding proposed Cure Amount, if any, is set forth on the attached **Exhibit A**. The Debtors' records reflect that all post-petition amounts owing under your Executory Contract have been paid and will continue to be paid until the assumption and assignment or rejection of the Executory Contract, and that other than the Cure Amount, there are no other defaults under the Executory Contract.

## Objections

7.      Any objection must (a) be in writing; (b) state with specificity the nature of such objection; (c) if concerning a Cure Amount, set forth a specific default in the Designated Contract and claim a specific monetary amount that differs from the Cure Amount (if any) specified in this Assumption Notice (with appropriate documentation in support thereof); and (d) comply with the Bankruptcy Rules. Unless otherwise provided herein, objections, if any, must be filed with the Bankruptcy Court and served so as to be received by the Objection Notice Parties listed below **June 9, 2023 at 4:00 p.m. (prevailing Central Time)** (the "Objection Deadline").

8.      Adequate assurance information for the Prevailing Purchaser, whether by virtue of making the Successful Bid at an Auction, or being selected as a Stalking Horse Bidder and making the Highest Initial Bid (the "Prevailing Purchaser Adequate Assurance Information") will be available from the Prevailing Purchaser, subject to appropriate confidentiality protections.

9.      The Debtors may amend or supplement the list of Executory Contracts attached as **Exhibit A** from time to time. In such an event, the Debtors will serve a supplemental assumption notice (the "Supplemental Assumption Notice") on counterparties to the affected Executory

3

Contracts, and objections, if any, to the changes, additions, or deletions reflected in the Supplemental Assumption Notice must be made in writing, filed with the Court and served on the Objection Notice Parties listed below seven (7) days after service of a Supplemental Assumption Notice; provided, however, that no objections may be made after the Sale Hearing.

10.     UNLESS YOU FILE AN OBJECTION EITHER (A) TO THE DEBTORS' ASSUMPTION OR ASSIGNMENT OR TO THE PROPOSED CURE AMOUNT SET FORTH ON EXHIBIT A OR ON ANY SUPPLEMENTAL ASSUMPTION NOTICE, OR (B) TO PREVAILING PURCHASER ADEQUATE ASSURANCE INFORMATION, AND SERVE SUCH OBJECTION IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE FOREVER BARRED FROM (A) OBJECTING TO THE DEBTORS' ASSUMPTION, ASSIGNMENT AND/OR THE CURE AMOUNT; (B) ASSERTING OR CLAIMING ANY CURE AMOUNT AGAINST THE DEBTORS, THE PREVAILING PURCHASER OR ANY OTHER ASSIGNEE OF THE RELEVANT EXECUTORY CONTRACT, AND (C) ASSERTING THAT YOU ARE NOT BEING PROVIDED WITH ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE PREVAILING PURCHASER OR ANY OTHER ASSIGNEE WITHIN THE MEANING OF SECTION 365 OF THE BANKRUPTCY CODE.

**Hearing Regarding Objections**

11.     If an objection is timely filed and served regarding any Executory Contracts listed on **Exhibit A**, and/or any Supplemental Assumption Notice, a hearing with respect to such objection will be held before the Honorable Judge Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk St., Houston, Texas 77002 at a date and time to be fixed by the Court (including the Sale Hearing); provided, however, that if an objection

4

relates solely to the Cure Amount, the Designated Contract may be assumed by the Debtors and assigned to the Prevailing Purchaser provided that the cure amount the Counterparty asserts is required to be paid under Bankruptcy Code section 365(b)(1)(A) and (B) (or such lower amount as agreed to by the Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

## Sale Hearing Notice

12.     The Court has scheduled a hearing on **June __, 2023 at ___:_____.m. (prevailing Central Time)** (the "Sale Hearing") to potentially approve the Sale of the Assets. The Sale Hearing, if any, will be held before the Honorable Judge _____, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk St., Houston, Texas 77002.

13.     Notice of the date and time of the Sale Hearing will be separately filed and served by the Debtors. The Sale Hearing may be continued at the sole discretion of the Debtors. The Transaction Notice and any information regarding continuances or adjournments will also be available on the case website maintained by EPIQ, the Debtors' claims and noticing agent, at https://dm.epiq11.com/athenex.

## Objection Notice Parties

14.     The Objection Notice Parties are as follows: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 440 Louisiana Ave., Suite 900, Houston, Texas, 77002, Attn: Michael D. Warner (mwarner@pszjlaw.com) and at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067, Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Debra I. Grassgreen (dgrassgreen@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com); (ii) counsel to the Agent, Sullivan & Cromwell LLP, Attn: Ari B. Blaut (blauta@sullcrom.com), Daniel R. Loeser (loeserd@sullcrom.com), Benjamin S. Beller (bellerb@sullcrom.com), Mark E. Dendinger

(mark.dendinger@bracewell.com), Jonathan Lozano (jonathan.lozano@bracewell.com); (iii) counsel to the Prevailing Purchaser, if one has been determined; (iv) counsel to any appointed committee; (v) counsel to the Stalking Horse Bidder(s), if any; and (vi) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, (Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov).

### **Reservation of Rights**

15.     The presence of an Executory Contract on **Exhibit A**, and/or any Supplemental Assumption Notice does not constitute an admission that such any listed Executory Contract is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code, or that such Executory Contract will be assumed by the Debtors and/or assigned to the Prevailing Purchaser. The Debtors reserve all of their rights to send out additional notices concerning additional or other Executory Contracts, subject to the provisions of any order by the Court.


*[Remainder of the page intentionally left blank]*

Dated: [●]

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*

Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Shirley S. Cho (*pro hac vice* pending)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
scho@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

7

<u>**EXHIBIT A-Cure List**</u>

*[to be filed]*