United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ATHENEX, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90295 (DRJ)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO
MAINTAIN AND ADMINISTER THEIR EXISTING CUSTOMER
PROGRAMS AND HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

(Relates to Docket No. 116)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to maintain and administer the Customer Programs and honor certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to continue to maintain and administer all prepetition contracts and obligations under the Customer Programs currently in effect, and pay and honor any undisputed prepetition obligations related to the Customer Programs in the ordinary course of business consistent with prepetition practices, as described in the Motion; *provided, however,* that the relief granted herein shall not constitute an approval or assumption of any Customer Program or related agreement or policy pursuant to section 365 of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to continue in the ordinary course of business to make Customer Program payments that accrued prepetition and otherwise to continue to honor and maintain the Customer Programs in the ordinary course of business, including up to an amount of $50 million in Chargeback payments, $2.5 million in Prompt Pay Discount payments, $1.5 million in Credit payments for returned products, and $4 million in FFS and Administrative Fee payments.

4. The Debtors and Customers are authorized in the ordinary course of business, to recoup and offset undisputed debts under their contracts regardless of whether the debts arose prepetition or postpetition.

5. Notwithstanding any other provision of the Motion or this Order, the Debtors are authorized to take any action to continue, renew, replace, terminate, modify, or amend any Customer Program as they deem appropriate in their discretion, in the ordinary course of business, consistent with prepetition practice and without further application to the Court; *provided*, *however*, that the Debtors shall not make any payments of prepetition obligations on account of their Customer Programs that exceed categories and the amounts set forth in the Motion.

6. The Debtors shall maintain a matrix/ schedule of payments/obligations/adjustments related to the Rebate Payments and Commission Agreements made pursuant to this Order, including the following information: (a) the names of the payee/obligee; (b) the date and amount of the payment/obligation; (c) the category or type of payment/obligation; and (d) the Debtor or Debtors that made the payment or incurred the obligation as characterized in the motion. To the extent that any of the payments, obligations or adjustments are made to insiders (as that term is defined in the Bankruptcy Code), it should be reflected in the matrix/schedule. Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases (on a professional eyes' only basis) every 30 days beginning upon entry of this Order.

7. If, at any time during these chapter 11 cases, the Debtors cease to honor and maintain any of their Customer Programs, the Debtors shall promptly file a notice of the same with the Court.

8. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any of the Customer Programs.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  May 25, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**