**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ATHENEX, INC., *et al*., | ) Case No. 23-90295 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) **Re: Docket No. 141** |
| | ) |

**LIMITED OBJECTION OF EVERSANA LIFE SCIENCE SERVICES LLC TO**
**DEBTORS' NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**WHICH MAY BE ASSUMED AND ASSIGNED**

Eversana Life Science Services LLC ("Eversana"), by its undersigned counsel, submits this limited objection (the "Objection") to the Debtors' *Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto* [D.I. 141] (the "Cure Notice"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Eversana provides warehousing, logistics, payment processing and related services to the Debtors.

2.      The Debtors filed a notice indicating that Eversana's contract may be assumed and setting forth a purported cure amount of $1,106,531.93.  In fact, the notice understates the amount

---

[1]      The complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

necessary to cure, which is no less than $1,635,829.39, and does not clearly provide for the payment of amounts that come due prior to the date of assumption.

3.      Eversana does not oppose the assumption of its contract.  However, Eversana files this Objection to ensure that any order authorizing the assumption and/or assignment of its contract provide for the payment of all amounts that come due prior to the date of assumption.

## BACKGROUND

4.      On May 14, 2023, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

5.      Debtor Athenex Pharmaceutical Division, LLC and Eversana are parties to a certain services agreement dated August 9, 2016, as amended, (the "Services Agreement") pursuant to which Eversana provides certain warehousing, logistics, payment processing and related services to the Debtors.[2]

6.      On May 22, 2023, the Court issued its *Order Approving (A) Bid Procedures; (B) the Form and Manner of Notice; (C) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* [D.I. 113] (the "Bidding Procedures Order").

7.      Pursuant to Bidding Procedures Order, on May 26, 2023, the Debtors filed the Cure Notice listing the cure amount (the "Cure Amount") of $1,106,531.93.

---

[2]      The Services Agreement is not attached because it contains commercially sensitive information.  The Debtors are in possession of copies of the Services Agreement.  Subject to ensuring that all appropriate protections will be maintained, copies of the Services Agreement will be made available to a proper party with a legitimate purpose for requesting this information by contacting Lucian B. Murley, Esq., Saul Ewing LLP, 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899.

41665589.3 06/06/2023

8.      The Services Agreement provides that:

> [Debtor] shall reimburse [Eversana] upon demand for all of the out-of-pocket costs and expenses (including, without limitation, reasonable attorneys' fees and other professional costs) and the time of [Eversana] employees at the rate of $225 per hour that are incurred by [Eversana] in connection with any of the following events or occurrences, except to the extent that a court of competent jurisdiction finally determines that [Eversana's] breach of its express obligations contained in this Agreement is the primary cause of such event or occurrence; (i) any inspection, investigation or inquiry by a regulatory authority attributable to [Debtor], its business, or the services hereunder; or (ii) any court or regulatory authority directive, order, subpoena, interrogatory. demand, request for admission or other process of Law directed at [Eversana] attributable to [Debtor], its business, or the services hereunder.

Services Agreement § 5(h).

9.      The Services Agreement further provides that "The prevailing party in any suit, proceeding or other action brought against the other party to enforce the terms of this Agreement or any rights or obligations hereunder shall be entitled to receive relinquishment of its reasonable costs, expenses and disbursements (including court costs and attorneys' fees} incurred in connection with such enforcement."  Id. at § 12(f).

10.      Eversana's books and records show that, as of the date of this Objection, at least $1,635,829.39 is owed, plus late fees and attorney fees that may be collected under the Services Agreement.

## **OBJECTION**

11.      In order to assume and assign the Services Agreement, the Debtors must cure any default outstanding at the time of assumption and provide adequate assurance of future performance under the Services Agreement.  11 U.S.C. § 365(b)(1).

12.      The Debtors' proposed Cure Amount does not provide for payment of all amounts outstanding.

13.     Additional in-progress amounts may come due under the Services Agreement before the effective date of any assumption and assignment of the Services Agreement.

14.     In addition to cure amount payments, Eversana is entitled to reasonable attorneys' fees and compensation for employee time incurred in prosecuting this Objection under section 365(b)(1) of the Bankruptcy Code.  See In re Crown Books Corp., 269 B.R. 12, 18 (Bankr. D. Del. 2001) (finding that attorney fees were recoverable in addition to the cure amount if the underlying agreement required such payment).  The Services Agreement contains provisions that allow for attorneys' fees to be paid if Eversana is required to enforce its rights under the Services Agreement through legal proceedings.  Accordingly, Eversana hereby asserts an estimated $10,000 in attorneys' fees relating to filing this Objection.

15.     The Bidding Procedures Order and Cure Notice do not clearly address any amounts that may come due before the effective date of any assumption and assignment of the Services Agreement.

16.     If amounts owed under the Services Agreement come due prior to the effective date of an assumption and assignment, the Cure Notice does not clearly provide that such amounts will be paid as part of a cure.

17.     Accordingly, any order that is entered establishing the Cure Amount with respect to the Services Agreement must require that the Debtors (i) pay all outstanding amounts owed under the Services Agreement in order to cure; and (ii) cure any additional defaults that may occur under the Services Agreement between the date of this Objection and the effective date of any assumption and assignment by the Debtors.

18.     Eversana hereby reserves its rights to make such other and further objections as may be appropriate to the Services Agreement, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

### CONCLUSION

For the reasons set forth above, Eversana Life Science Services LLC respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Services Agreement affirmatively requires the Debtors to pay all amounts due prior to the assumption of the Services Agreement; and (iii) grant Eversana Life Science Services LLC such further relief as it deems proper.

Dated:  June 6, 2023                    **SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Facsimile: (302) 421-6813
Email: luke.murley@saul.com

*Counsel for Eversana Life Science Services LLC*

41665589.3 06/06/2023