IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re:<br><br>ATHENEX, INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90295 (DRJ)<br><br>(Jointly Administered) |

**OBJECTION OF ALTER PHARMA NV AND AFFILIATES TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE ALTER PHARMA CONTRACTS**

Alter Pharma NV, a public limited liability company organized under the laws of Belgium ("**ANV**"), on behalf of itself and on behalf of two of its affiliates, Generic Pharma International Limited, an Irish company ("**GPI**"), and Milla Pharmaceuticals, Inc., a Delaware corporation ("**Milla**"; together with ANV and Milla, are collectively referred to as, "**Alter Pharma**"), by and through their counsel of record, hereby submit their: (1) objection to the Proposed Alter Pharma Cure Amount (defined below) that the above-captioned debtors and debtors in possession have proposed to pay in connection with the potential assumption and assignment of the Alter Pharma Contracts (defined below) and (2) demand for adequate assurance of future performance of all of the Debtors' obligations under the Alter Pharma Contracts (the "Objection"). In support of the Objection, Alter Pharma respectfully shows the Court the following:

**FACTUAL BACKGROUND**

A.  **Alter Pharma's Contracts with the Debtors.**

1.  On or about June 29, 2022, Debtor, Athenex Pharmaceutical Division, LLC ("**Athenex Pharmaceutical**"), entered into a License, Distribution and Supply Agreement with ANV wherein Athenex Pharmaceutical obtained an exclusive license from Alter Pharma to import, distribute, promote, market, and sell that certain drug developed by Alter Pharma known as

1

*Magnesium Sulfate in Water Injection for bags in 2gm/50mL, 4gm/100mL, and 4gm/50mL strengths* (for which Alter Pharma has sought and obtained FDA approval in the United States and its territories and possessions) in exchange for, among other things, the payment of certain fees and royalties as set forth in such agreement (the "**Magnesium Sulfate Contract**").  A true and correct copy of the Magnesium Sulfate Contract is attached to this Objection as **Exhibit 1**.

2. On or about November 16, 2022, Athenex Pharmaceutical entered into a License, Distribution and Supply Agreement with ANV wherein Athenex Pharmaceutical obtained an exclusive license from Alter Pharma to import, distribute, promote, market, and sell that certain drug developed by Alter Pharma known as *Dexmedetomidine HCI in 0.9% in Sodium Chloride injectable solution (4 mcg/ml)* (for which Alter Pharma has sought FDA approval in the United States and its territories and possessions, with approval anticipated within the next week) in exchange for, among other things, the payment of certain fees and royalties as set forth in such agreement (the "**Dexmedetomidine HCI Contract**"; together with the Magnesium Sulfate Contract, the "**Alter Pharma Contracts**").  A true and correct copy of the Dexmedetomidine HCI Contract is attached to this Objection as **Exhibit 2**.

> **B. The Debtors' Bankruptcy Cases, and the Proposed Cure Amounts in connection with the Proposed Assumption and Assignment of the Alter Pharma Contracts as Part of the Proposed Transaction.**

3. On May 14, 2023 (the "**Petition Date**"), Athenex, Inc. and its debtor affiliates (collectively, the "**Debtors**") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").

4. On the Petition Date, in connection with the proposed sale of all or substantially all of the Debtors' assets (the "**Transaction**"), the Debtors filed an emergency motion [Docket No.

17] (the "**Bidding Procedures Motion**"), which sought approval of, among other things: (a) procedures for the solicitation of bids in connection with the Transaction (the "**Bidding Procedures**"), (b) the form and manner of notice related to the Transaction, and (c) procedures for the proposed assumption and assignment of the Debtors' executory contracts and unexpired leases in connection with the Transaction (the "**Assumption and Assignment Procedures**").

5. On May 22, 2023, the Court entered an order [Docket No. 113] (the "**Bidding Procedures Order**"), which, among things, approved the Bidding Procedures and the Assumption and Assignment Procedures.

6. Pursuant to the Bidding Procedures Order and in accordance with Assumption and Assignment Procedures, on May 26, 2023, the Debtors filed their *Notice of Executory Contracts and Unexpired Leases which may be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially all of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto* [Docket No. 141] (the "**Assumption Notice**").

7. The Debtors identified on Exhibit A to the Assumption Notice (the "**Potential Assumed Contracts Exhibit**") multiple agreements that the Debtors intend to assume and assign as part of the Transaction (the "**Designated Contracts**"), which included both of the Alter Pharma Contracts. *See* Assumption Notice at Proposed Assumed Contracts Exhibit, Contract Nos. 4 and 5.

8. The Potential Assumed Contracts Exhibit also identified the cure amounts that the Debtors assert are necessary to cure any and all pre-petition defaults arising under the Designated Contracts (the "**Cure Amounts**"). The Assumption Notice asserts that based on the Debtors' books and records the Debtors have paid all post-petition amounts that are due and owing under

the Designated Contracts, and that the Debtors will continue to pay all prospective post-petition amounts in the ordinary course of business. *See* Assumption Notice at ¶ 6.

9. The Potential Assumed Contracts Exhibit indicates that the Cure Amount for the each of the Alter Pharma Contracts is $0.00 (the "**Proposed Alter Pharma Cure Amount**"). *See* Assumption Notice at Proposed Assumed Contracts Exhibit, Contract Nos. 4 and 5.

10. The Assumption Notice further provides that if Alter Pharma fails to object to the Proposed Alter Pharma Cure Amount prior to June 7, 2023 at 4:00 p.m. (prevailing Central Time), it will be barred from objecting to the proposed assumption and assignment of the Alter Pharma Contracts, including any Cure Amounts or defaults associated with such proposed assumption and assignment of the agreements. *See* Assumption Notice at ¶¶ 7-10.

C. **Cure Amounts Owed under the Alter Pharma Contracts**

11. As of the Petition Date, the Debtors currently owe Alter Pharma $552,314.00 for unpaid fees and royalties due under the Magnesium Sulfate Contract (the "**Unpaid Pre-Petition Fees**").

12. Further, Alter Pharma has invoiced or is in the process of invoicing the Debtors for fees and royalties that became due under the Dexmedetomidine HCl Contract after the Petition Date or that may be required to be paid prior to the closing of the Transaction totaling $150,000.00 (the "**Unpaid Post-Petition Fees**").

13. The Unpaid Pre-Petition Fees and Unpaid Post-Petition Fees, which total $702,314.00 (collectively, the "**Unpaid Fees**"), are evidenced by multiple invoices from Alter Pharma to the Debtors. A summary of the invoices[1] reflecting the Unpaid Fees due under the Alter Pharma Contracts are attached to this Objection as **Exhibit 3**.

---

[1] Alter Pharma will make the invoices available upon request.

**OBJECTION**

14. As set forth above, the Debtors are in default under the Alter Pharma Contracts because they have, among other things, failed to timely pay the Unpaid Pre-Petition Fees and certain of the Unpaid Post-Petition Fees.

15. Therefore, in order for the Debtors to assume the Alter Pharma Contracts (or assume and assign such agreements to a proposed purchaser) the Debtors must: (i) cure or provide adequate assurance that they will promptly cure all defaults under the Alter Pharma Contracts, (ii) compensate or provide adequate assurance that they will promptly compensate Alter Pharma for any actual pecuniary loss resulting from such defaults, and (iii) provide Alter Pharma with adequate assurance of future performance of their obligations under the Alter Pharma Contracts. *See* 11 U.S.C. § 365(b).

### A. Debtors or Their Proposed Purchaser Must Pay or Provide Adequate Assurance that they will Promptly Pay Alter Pharma the Corrected Alter Pharma Cure Amount.

16. As set forth above, the Debtors have not paid Alter Pharma the Unpaid Fees, as required under the terms and conditions of the Alter Pharma Contracts.[2]

17. In order for the Debtors to assume and assign the Alter Pharma Contracts, the Debtors are required to pay the sum of at least $702,314.00 (the "**Corrected Alter Pharma Cure Amount**")[3] to Alter Pharma in order to satisfy the Debtors' cure obligations under 11 U.S.C. § 365(b) (1)(A).

---

[2] Alter Pharma recognizes that some of these amounts may not yet be due and owing, and that the Debtors may be in the process of paying some of the Unpaid Post-Petition Fees in the ordinary course of business. Alter Pharma has asserted it is owed those amounts in this Objection in an abundance of caution in order to preserve its right to receive any and all of the payments that it is entitled to under the Alter Pharma Contracts in connection with the proposed assumption and assignment of those agreements.

[3] Some of the amounts representing the Corrected Alter Pharma Cure Amount are owed in Euros and have been converted from Euros to Dollars.

4884-1339-5048.v1

18. Alter Pharma objects to the Proposed Alter Pharma Cure Amount and any proposed assumption and assignment of the Alter Pharma Contracts to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed purchaser shall promptly pay Alter Pharma the Corrected Alter Pharma Cure Amount.

**B.   Debtors Must Provide Alter Pharma with Adequate Assurance of Future Performance of all of the Debtors' Obligations under the Alter Pharma Contracts.**

19. Athenex Pharmaceutical and its affiliates and subsidiaries are precluded from competing with the Dexmedetomidine product licensed to them under the express terms of the Dexmedetomidine HCI Contract. *See* Dexmedetomidine HCI Contract at ¶ 2(c).

20. Upon information and belief, the Debtors intend to assume and assign the Alter Pharma Contracts to Medsurge Healthcare Pty Ltd. or one of its affiliates or subsidiaries or a special purpose to be formed by Medsurge Healthcare Pty Ltd. or one of its affiliates or subsidiaries (collectively, "**Medsurge**").

21. Upon information and belief, Medsurge owns eighty percent (80%) of an affiliated entity that is currently developing a competing Dexmedetomidine product.

22. Accordingly, it is likely that Medsurge would immediately be in default under the express terms of the Dexmedetomidine HCI Contract if the Court were to approve the assumption and assignment of the Dexmedetomidine HCI Contract to Medsurge.

23. As a condition to assumption and assignment, Alter Pharma is entitled to adequate assurance of future performance of all of the Debtors' obligations under the Dexmedetomidine HCI Contract. *See* 11 U.S.C. § 365(b)(1)(C).

24. Alter Pharma does *not* object to the proposed assumption and assignment of the Alter Pharma Contracts to a purchaser; provided that (i) as set forth above, it is promptly paid the

Corrected Alter Pharma Cure Amount, *and* (ii) Alter Pharma is provided adequate assurance that the proposed purchaser has assumed each and every one of the Debtors' obligations under each of the Alter Pharma Contracts from the date that such agreements are assumed and assigned through the respective expiration date of each of the Alter Pharma Contracts, including the obligation to comply with any non-competition provisions contained in the Alter Pharma Contracts.

**RESERVATION OF RIGHTS**

25.     Alter Pharma reserves the right to amend the Corrected Alter Pharma Cure Amount to include additional amounts that may be or become due and to otherwise supplement this Objection, and further reserves any other rights that it may have under applicable law.

WHEREFORE, Alter Pharma respectfully requests that the Court enter an order: (i) determining that Alter Pharma is entitled to the prompt payment of the Corrected Alter Pharma Cure Amount as a condition of the assumption and assignment of the Alter Pharma Contracts; (ii) directing the Debtors or the purchaser in connection with the Transaction to promptly pay Alter Pharma the Corrected Alter Pharma Cure Amount in the amount of at least $702,314.00; (iii) providing Alter Pharma with adequate assurance that any purchaser in connection with the Transaction will prospectively comply with each and every provision under the Alter Pharma Contracts, including the obligation to comply with any non-competition provision contained in such agreements; and (iv) granting Alter Pharma such other and further relief as this Court may deem just and proper.

Dated: June 7, 2023

                                        ARNALL GOLDEN GREGORY LLP

                                        */s/ Darryl S. Laddin*
                                        Darryl S. Laddin (GA Bar #460793)
                                        Admitted Pro Hac Vice
                                        171 17th Street NW, Suite 2100

Atlanta, Georgia 30363-1031
Telephone: 404.873.8120
darryl.laddin@agg.com

*Attorneys for Alter Pharma NV*

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 7, 2023, a true and correct copy of the foregoing document was served on the parties receiving notice via the Court's ECF system and the Objection Notice Parties listed as follows: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 440 Louisiana Ave., Suite 900, Houston, Texas, 77002, Attn: Michael D. Warner (mwarner@pszjlaw.com) and at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067, Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Debra I. Grassgreen (dgrassgreen@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com); (ii) counsel to the Agent, Sullivan & Cromwell LLP, Attn: Ari B. Blaut (blauta@sullcrom.com), Daniel R. Loeser (loeserd@sullcrom.com), Benjamin S. Beller (bellerb@sullcrom.com), Mark E. Dendinger (mark.dendinger@bracewell.com), Jonathan Lozano (jonathan.lozano@bracewell.com); (iii) counsel to the Prevailing Purchaser, if one has been determined; (iv) counsel to any appointed committee; (v) counsel to the Stalking Horse Bidder(s), if any; and (vi) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, (Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov).

Dated: June 7, 2023

                                              */s/ Darryl S. Laddin*
                                              Darryl S. Laddin (GA Bar #460793)
                                              Admitted Pro Hac Vice
                                              171 17th Street NW, Suite 2100
                                              Atlanta, Georgia 30363-1031
                                              Telephone:  404.873.8120
                                              darryl.laddin@agg.com