IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al.,[1] | Case No. 23-90295 (DRJ) |
| Debtors. | (Jointly Administered) |

**SECURITIES LEAD PLAINTIFF'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO SALE OF ALL, OR SUBSTANTIALLY ALL, OF THE DEBTORS' ASSETS**

John McKenzie ("Lead Plaintiff"), the court appointed lead plaintiff in the securities class action captioned as *In re Athenex, Inc. Securities Litigation, Case No. 21-cv-00337* (the "Securities Litigation") pending in the United States District Court for the Western District of New York (the "District Court"), for himself and on behalf of the proposed class in the Securities Litigation (the "Class"), hereby submits this limited objection and reservation of rights (the "Limited Objection") with respect to the pending sale of all, or substantially all, of the assets of the above-captioned debtors (the "Debtors"). In support of this Limited Objection, Securities Plaintiff respectfully states as follows:

**RELEVANT BACKGROUND**[2]

**A.     The Securities Litigation**

1.     The Securities Litigation is a federal securities class action commenced March 3, 2021 in the District Court against defendants Athenex, Inc. ("Athenex" or the "Debtors"), Mr.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Bid Procedures and Sale Motion.

Rudolf Kwan, Mr. Johnson Y.N. Lau, and Mr. Timothy Cook (the "Non-Debtor Defendants" and, collectively with Athenex, the "Defendants") for violations of Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

2. On August 5, 2021, the District Court appointed Lead Plaintiff.

3. On November 19, 2021, Lead Plaintiff filed *Plaintiff's Amended Class Action Complaint* (the "Amended Complaint") [Securities Litigation Docket No. 56]. The Amended Complaint re-asserts the violations against the Defendants and adds additional evidence of wrongdoing on behalf of a proposed class (the "Class") comprised of all persons or entities (the "Proposed Class"), other than the Defendants and their affiliated entities, who purchased or otherwise acquired Athenex common stock between August 7, 2019 through February 26, 2021, inclusive (the "Class Period").

4. The Amended Complaint generally alleges that starting on August 7, 2019, shortly after Athenex conducted a Phase 3 trial of its drug Oraxol (a/k/a "Oral Paclitaxel"), a proposed treatment for metastatic breast cancer, the Defendants engaged in a deceptive scheme and made false and misleading statements touting the prospects for obtaining FDA approval of Oraxol, which artificially inflated and/or maintained artificial inflation in the price of Athenex's common stock during the Class Period in violation of Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. U.S.C. §78(a); and United States Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

5. On January 12, 2023, Athenex filed a *Notice of Pendency of Case Under Chapter 11 of the Bankruptcy Code* (the "Notice"), stating that Athenex and certain of its affiliates had filed a voluntary petition for relief under chapter 11 the Bankruptcy Code, triggering an

automatic stay of continued judicial proceedings against Athenex under 11 U.S.C. § 362(a) [Securities Litigation Docket No. 69].

6. Following the filing of the Notice, the District Court stayed the entire Securities Litigation [Securities Litigation Docket No. 70].

### B. Relevant Bankruptcy Proceedings

7. On May 14, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. Also on May 14, 2023, the Debtors filed the *Debtors' Emergency Motion for (I) Entry of an Order Approving (A) Bid Procedures; (B) the Form and Manner of Notice; (C) the Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; and (II) Entry of an Order Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (B) the Assumption and Assignment of Certain Contracts, and Unexpired Leases* [Docket No. 17] (the "Bid Procedures and Sale Motion"), seeking, among other relief, the approval of bid procedures (the "Bid Procedures") for the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets"), free and clear of all liens, claims, encumbrances and interests thereon, as further described in the Bid Procedures and Sale Motion.

9. On May 22, 2023, the Court entered an order approving the Bid Procedures and Sale Motion [Docket No. 113] (the "Bid Procedures Order"), and, among other relief, scheduling an auction (the "Auction") on June 15, 2023 and a hearing to approve the Sale on June 21, 2023

(the "Sale Hearing"). On June 7, 2023, the Debtor filed notices indicating that it had selected two winning bidders for its assets [D.I. 203, 204].

10. On June 6, 2023, the Debtor filed an emergency motion (the "Stalking Horse Motion") for entry of an order approving C-MER Specialty Group Limited as the Stalking Horse Bidder with respect to the Orascovery Business and authorizing Debtors Athenex R&D LLC and Athenex to enter into that certain *Stalking Horse Asset Purchase Agreement*, dated June 6, 2023 (the "Stalking Horse Agreement"), in addition to authorizing expense reimbursement for the Stalking Horse and a break-up [Docket No. 169].

11. As discussed in further detail below, any final sale approval orders ("Final Sale Order") should require the ultimate winning bidder, whether it is ultimately the Stalking Horse or another qualified bidder (the "Buyer") to preserve books, records, and other evidence potentially relevant to the Securities Litigation for the duration of the Securities Litigation. At the very least, the Final Sale Order should incorporate an evidence preservation requirement substantially similar to the obligation imposed on parties to the Securities Litigation pursuant to the Private Securities Litigation Reform Act of 1995.

**LIMITED OBJECTION**

12. Per the terms of the Stalking Horse Agreement, the Stalking Horse appears to be purchasing all of the Debtors' Books and Records, with the exception of "any Books and Records which Seller is required by applicable Law to retain; provided, however, that Seller shall provide Buyer with copies of all such Books and Records at or prior to the Closing, and any Books and Records relating solely to the Excluded Assets or Retained Liabilities." *See Stalking Horse Agreement,* sections 2.1(k) and 2.3(j). This presumably will include books, records, documents, and other evidence potentially relevant to the Securities Litigation (the "Potentially

Relevant Books and Records"). Accordingly, while Lead Plaintiff does not object to the Sale as a general matter, Lead Plaintiff files this Limited Objection to the extent that the preservation of the Potentially Relevant Books and Records for the duration of the Securities Litigation is not already reflected in the Stalking Horse APA and/or expressly required by any proposed Sale Order.

13. The Bankruptcy Code requires the Debtors to maintain and preserve Potentially Relevant Books and Records, unless authorized by order of the Court to abandon or sell them after notice and an opportunity to be heard. *See* 11 U.S.C. §§ 363(b)(1) and 554(a); *see also* Fed. R. Bankr. P. 6004 and 6007(a). In addition, the parties to the Securities Litigation are subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, which requires such parties to preserve Potentially Relevant Books and Records, providing in pertinent part that:

> any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i). This mandatory requirement is subject to "sanction for willful violation." 15 U.S.C. § 78u-4(b)(3)(C)(ii).

14. Athenex and the Non-Debtor Defendants were named as defendants in the Securities Litigation prior to the filing of the Debtors' Chapter 11 cases. Although the Securities Litigation is currently stayed, Lead Plaintiff and the Class may be able to pursue claims in the future against Athenex – for instance, to the extent such claims are preserved to the extent of

available insurance – and against the Non-Debtor Defendants. Lead Plaintiff also intends to timely file proofs of claim against the Debtors, both individually and on behalf of the Class.

15. Permitting the potential loss, destruction, or unavailability of any Potentially Relevant Books and Records through the sale of the Assets, even if inadvertent, would materially prejudice Lead Plaintiff and the Class in the prosecution of the Securities Litigation. Moreover, any such loss, destruction, or unavailability, even if unintentional, would contravene the very intent of the PSLRA's evidence preservation mandate and the common-law duty of parties to preserve evidence. Significantly, by virtue of the automatic stay under section 362 of the Bankruptcy Code and/or the PSLRA discovery stay under 15 U.S.C. § 78u-4(b)(3)(C)(i), Lead Plaintiff is presently precluded from seeking discovery absent further order of the relevant courts.

16. In similar situations, courts recognize that "some action must be taken to [en]sure that documents held by the [debtors] are retained until discovery . . . can commence" in securities actions. *See Payne v. Deluca*, 2005 U.S. Dist. LEXIS 35891, at *12 (W.D. Pa. Dec. 20, 2005). Although Lead Plaintiff is not aware of any plans to dispose of Potentially Relevant Books and Records, the possibility of Potentially Relevant Books and Records being lost, destroyed, or otherwise rendered unavailable prior to the completion of the Securities Litigation – intentionally or not – is very real absent an affirmative obligation imposed by the Court in the context of the Sale.

17. The severity of the harm that any such destruction or loss would cause warrants the imposition of an affirmative duty to preserve any Potentially Relevant Books and Records and, at the very least, to provide counsel for Lead Plaintiff and the Class with sufficient notice and an opportunity to be heard prior to any intended destruction or other disposition thereof. *Cf.*

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) (recognizing that "plaintiffs' showing of necessity to preserve evidence appear[ed] substantial" where the company was "undertaking a wide ranging corporate reorganization" which "create[s] a reasonable concern that documents may be lost"); *see also In re Massey Energy Co. Sec. Litig.*, 2011 U.S. Dist. LEXIS 111175, at *23 (S.D. W. Va. Sept. 28, 2011) (permitting plaintiff in securities class action to issue evidence preservation subpoenas); *In re Nat'l Century Fin. Enters.*, 347 F. Supp. 2d 538, 541-52 (S.D. Ohio 2004) (granting securities plaintiffs' motion for authority to issue preservation subpoena to non-party where relevant documents would likely be destroyed because of that party's bankruptcy); *Vezzetti v. Remec, Inc.*, 2001 U.S. Dist. LEXIS 10462, at *9 (S.D. Cal. July 23, 2001) (granting securities plaintiff's motion to issue preservation subpoenas to non-parties).

18. Accordingly, to prevent the significant harm that would befall Lead Plaintiff and the Class from the destruction, loss, or unavailability of Potentially Relevant Books and Records, any final Sale Order should include the following provision (the "Document Preservation Provision"):

> Until the entry of a final order of judgment or settlement in the litigation captioned as *In re Athenex, Inc. Securities Litigation,* Case No. 21-cv-00337 (the "Securities Litigation") pending in the United States District Court for the Western District of New York (the "District Court"), the Debtors and the Buyer and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain the Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the plaintiff in the Securities Litigation at least sixty days' advance written notice and an opportunity to object and be heard by a court of competent jurisdiction. In the event the plaintiff in the Securities Litigation

7

timely objects to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved pending a final order of the Bankruptcy Court or other court of competent jurisdiction.

## **RESERVATION OF RIGHTS**

19. Lead Plaintiff reserves the right to supplement this Limited Objection on any basis whatsoever prior to the hearing to approve the Sale.

WHEREFORE, Lead Plaintiff respectfully requests that the Court decline to approve the Sale unless the final Sale Order contains the Document Preservation Provision set forth above.

[*signature page follows*]

Dated: June 7, 2023                        **LOWENSTEIN SANDLER LLP**

*/s/ Michael S. Etkin*
Michael S. Etkin, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone 973-597-2500
Email: metkin@lowenstein.com

  - and -

Lindsay Sklar, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Telephone: 646-414-6883
Email: lsklar@lowenstein.com

*Bankruptcy Counsel to Lead Plaintiff*


**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Deborah Clark-Weintraub
Jeffrey P. Jacobson
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Email: dweintraub@scott-scott.com
Email: jjacobson@scott-scott.com

*Lead Counsel to Lead Plaintiff and the Proposed Class*