IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ATHENEX, INC., et al.,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-90295 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HARTER SECREST & EMERY LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and, collectively, the "Debtors") hereby file this application (this "Application") for entry of an order, substantially in the form attached hereto (the "Proposed Order"): (a) authorizing the employment and retention of Harter Secrest & Emery LLP (the "Firm" or "HSE") as special counsel to the Debtors pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), effective as of the Petition Date (as defined herein); and (b) granting

---

¹ A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

related relief.  In support of this Application, the Debtors submit the declaration of Alexander R. McClean (the "McClean Declaration"), attached hereto as **Exhibit A**.  In further support of this Application, the Debtors respectfully submit as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 327(e), 328(a), and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures").

## GENERAL BACKGROUND

4.      On May 14, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      On May 25, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the

following four members: (i) Ingenus Pharmaceuticals, LLC; (ii) GenScript Probio USA, Inc.; (iii) Istituto Biochimico Italiano Giovanni Lorenzini S.p.A.; and (iv) Praxgen Pharmaceuticals LLC. *See* Docket No. 135.

6. The Debtors are a global oncology-focused biopharmaceutical company dedicated to the discovery, development, and commercialization of novel therapies for the treatment of cancer, aiming to develop safer, and more efficacious cancer medication. The Debtors' mission is to improve the lives of cancer patients by creating more effective, safer and tolerable treatments.

7. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Nicholas K. Campbell, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration"),[2] which is incorporated by reference herein.

## RELIEF REQUESTED

8. This Application seeks entry of an order authorizing the Debtors to employ and retain HSE as special counsel to provide services pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, effective as of the Petition Date. Specifically, the Debtors retained HSE to act as counsel for certain of the Debtors in connection with mergers and acquisitions, labor, intellectual property, securities and corporate governance.

## BASIS FOR RELIEF

9. Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain for a specified special purpose, other than to represent the trustee in conducting the case, an

---

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.  11 U.S.C. § 327(e).

10. In line with this provision, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a chapter 11 debtor solely because of such person's employment by or representation of the debtor before the commencement of the case.  11 U.S.C. § 1107(b).

11. Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who represented a debtor prior to the bankruptcy petition date, provided that:  (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the case; (c) the retention is in the best interests of the estate; and (d) the attorney does not hold any interest adverse to the debtor with respect to the subject of its retention.  The Firm's retention as the Debtors' special counsel falls within the scope of section 327(e) of the Bankruptcy Code.

12. Retention of special counsel under section 327(e) of the Bankruptcy Code does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a) of the Bankruptcy Code.  *See, e.g.*, *Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel  employed  under  section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").  In exercising discretion under section 327 of the Bankruptcy Code, the Court should take "into account the particular facts and circumstances surrounding the case," *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010), including "the nature of the debtors' business, all foreseeable employment of special counsel, and the expense of replacement counsel . . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005); *see also In re Eagle Broadband, Inc.*, No.

4

07-80605-G3-11, 2007 WL 4333619, at *2 (Bankr. S.D. Tex. Dec. 6, 2007) (noting that section 327(e) of the Bankruptcy Code requires "a factual determination based on the specific facts of each case, and with attention to circumstances which may impair a professional's ability to offer impartial, disinterested advice to his or her client").

13. Section 327(e) of the Bankruptcy Code supports the Debtors' proposed retention and employment of HSE as special counsel in connection with mergers and acquisitions, labor, securities and corporate governance matters. Given HSE's prepetition representation of the Debtors, HSE is especially well-acquainted with the Debtors' businesses and is well-equipped to continue its representation of the Debtors postpetition in a cost-effective, efficient, and timely manner. The Debtors would have to expend significant time and resources if required to search for and retain new counsel to represent them in connection with their securities and corporate governance matters. A time-consuming, expensive search for new counsel and the associated cost to get new counsel up to speed would be wasteful and counterproductive to the Debtors' successful restructuring. Finally, to the best of the Debtors' knowledge and based upon the McClean Declaration, HSE does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which it is being retained.

14. The retention and employment of HSE as special counsel is appropriate under the applicable legal standard and in the best interests of the Debtors, their estates, and their stakeholders and should be approved.

## SERVICES TO BE PROVIDED BY HSE

15. Prior to the Petition Date, the Debtors retained HSE with respect to representing and advising the Debtors in connection with mergers and acquisitions, labor, securities and

corporate governance matters. Subject to further order of this Court, HSE proposes to continue to render these services to the Debtors as special counsel in these chapter 11 cases.

## **NOTICE**

16. Notice of the hearing on the relief requested in this Application will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and the Debtors submit that such notice is sufficient under the circumstances. The Debtors will provide notice to parties in interest, including on the Debtors' Master Service List.

## **NO PRIOR REQUEST**

17. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper under the circumstances.

Dated: June 8, 2023

**ATHENEX, INC.**, *et al.*

*/s/ Nicholas K. Campbell*
Nicholas K. Campbell, solely in his capacity as Chief Restructuring Officer of Athenex, Inc., *et al.*, and not in any other capacity

## CERTIFICATE OF SERVICE

I certify that on June 8, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner

DOCS_DE:243091.4 14039/001