**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., et al., | Case No. 23-90295 (DRJ) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing, but not directing, the Debtors to retain and compensate certain law firms, attorneys, accountants, consultants, and other non-attorney professionals utilized in the ordinary course of business (each, an "OCP," and collectively, the "OCPs"), pursuant to the compensation

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

procedures set forth in the Order (the "Compensation Procedures").   A nonexclusive list of Ordinary Course Professionals is annexed to the Order as **Exhibit 1**.[2]

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## General Background

5.     On May 14, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").   The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.     On May 25, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following four members:  (i) Ingenus Pharmaceuticals, LLC; (ii) GenScript Probio USA, Inc.;

---

[2]     The exclusion of a professional from Exhibit 1 shall not prejudice the Debtors' ability to add such professional at a later date.

DOCS_LA:348702.5 14039/001

(iii) Istituto Biochimico Italiano Giovanni Lorenzini S.p.A.; and (iv) Praxgen Pharmaceuticals LLC.  *See* Docket No. 135.

7.      The Debtors are a global oncology focused biopharmaceutical company dedicated to the discovery, development, and commercialization of novel therapies for the treatment of cancer, aiming to develop safer and more efficacious cancer medication.  The Debtors' mission is to improve the lives of cancer patients by creating more effective, safer, and tolerable treatments.

8.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Nicholas K. Campbell in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration"),[3] which is incorporated by reference herein.

### The Ordinary Course Professionals

9.      The Debtors employ the OCPs, which consist of various law firms, attorneys, accountants, consultants, and other non-attorney professionals used in the ordinary course of their businesses.  The OCPs provide services to the Debtors in a variety of matters unrelated to these Chapter 11 Cases, including specialized legal advice, accounting and tax services, and certain business advisory and consultant services.

10.      The OCPs have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations.  Although the Debtors anticipate that the OCPs will want to continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot meet their payment obligations on a regular basis.  Without the OCPs' knowledge, expertise, and familiarity in certain matters, the Debtors undoubtedly would incur additional and unnecessary expenses in

---

[3]      A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

educating and retaining replacement professionals. The continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, creditors, and other parties in interest. For the avoidance of doubt, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

11.     A nonexclusive list of the Debtors' current OCPs is attached as **Exhibit 1** to the Order (as may be amended or supplemented, the "OCP List") and is incorporated herein by reference. The Debtors may also seek to employ additional OCPs as necessary in the course of these Chapter 11 Cases, subject to the procedures set forth herein.

### The Compensation Procedures

12.     The Compensation Procedures establish a streamlined process for the postpetition retention and compensation of OCPs. The Compensation Procedures will permit the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached as **Exhibit 2** to the Order (a "Declaration of Disinterestedness"), and upon the expiration of a reasonable objection period for parties in interest, including the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases. Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates with respect to the matter on which such OCP is proposed to be employed.

13.     The Compensation Procedures further provide that the Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent (100%) of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and

4

expenses incurred after the Petition Date.  While these Chapter 11 Cases are pending, the aggregate fees for all of the OCPs set forth on **Exhibit 1** to the Order, excluding costs and reimbursable expenses, may not exceed $100,000 per month (the "OCP Monthly Cap").  OCP fees will be subject to an aggregate case cap (the "OCP Case Cap") of $600,000.  In addition, the Debtors seek authority to retain additional OCPs, as the need arises, by filing a supplement to the OCP List that identifies such additional OCPs and serving the same on the OCP Notice Parties.[4]

14.     To the extent that an OCP seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the OCP shall:  (a) file with the Court a Notice of Fees in Excess of the OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred; and (b) serve the Notice of Excess Fees on the OCP Notice Parties.  Parties in interest shall then have fourteen (14) days to object to the Notice of Excess Fees.  If no objection is filed within fourteen (14) days, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent (100%) of its fees and 100 percent (100%) of its expenses without the need to file a fee application.  All fees paid to an OCP, inclusive of any Excess Fees, are subject to the Case OCP Cap, provided that the OCP shall be entitled to file an application for fees and expenses in excess of the Case OCP Cap.

15.     Beginning with the period ending on September 30, 2023, and in three-month increments thereafter while these Chapter 11 Cases are pending (each, a "Quarter"), the Debtors

---

[4]  As defined in the Compensation Procedures, the OCP Notice Parties to be noticed include: (a) the Debtors, Athenex, Inc., Attn: Nicholas K. Campbell, CRO (nick@wearemeru.com); (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attn: 440 Louisiana Street, Suite 900, Houston, TX 77002, Attn: Shirley S. Cho (scho@pszjlaw.com) and Benjamin L. Wallen (bwallen@pszjlaw.com); (c) proposed counsel to the Committee, (i) McKool Smith PC, 600 Travis Street, Suite 7000, Houston, TX 77002, Attn: John J. Sparacino (jsparacino@mckoolsmith.com) and S. Margie Venus (mvenus@mckoolsmith.com); and (ii) Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, NJ 07962-1997, Attn: Warren J. Martin, Jr. (WJMartin@pbnlaw.com), Robert M. Schechter (RMSchechter@pbnlaw.com) and Rachel A. Parisi (RAParisi@pbnlaw.com); and (d) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, (Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov).

DOCS_LA:348702.5 14039/001

shall file with the Court and serve on the OCP Notice Parties, no later than thirty days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding Quarter.  Each OCP's statement shall include the following information:  (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP.  The initial OCP statement shall cover the period beginning on the Petition Date and ending September 30, 2023 and shall be filed no later than October 31, 2023.

16.     The foregoing Compensation Procedures shall not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel or restructuring advisors.

### Basis for Relief

17.     Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate.  11 U.S.C. § 327(a).  In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See, e.g.*, *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.").  In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

> a.     whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

6

b.      whether the entity is involved in negotiating the terms of a plan of reorganization;

c.      whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.      whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.      the extent of the entity's involvement in the administration of the debtor's estate; and

f.      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (finding that only those professionals involved in the actual reorganization effort or administration of the debtor's estate, rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

18.      The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in [total].").

19.      Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtors or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

20.     Upon consideration of the above-listed factors, and because the OCPs will not be involved in the administration of these Chapter 11 Cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention under section 327(a) of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the OCPs pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

21.     The Debtors and their estates would be well served by the continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues. In light of the large number of OCPs and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for OCPs who will receive relatively modest fees, it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. The retention and compensation of the OCPs in accordance with the Compensation Procedures avoids any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses and is thus in the best interests of all creditors and parties in interest.

22.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs hold interests materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the Compensation Procedures include a requirement that each OCP file a

Declaration of Disinterestedness and be subject to a reasonable objection period before an OCP can be compensated.

## **Notice**

23.      Notice of the hearing on the relief requested in this Application will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and the Debtors submit that such notice is sufficient under the circumstances.  The Debtors will provide notice to parties in interest, including on the Debtors' Master Service List.

## **Conclusion**

**WHEREFORE**, the Debtors request that the Court enter the Orders granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

DOCS_LA:348702.5 14039/001

Dated: June 8, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*

Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com

-and-

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
scho@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

     I certify that on June 8, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                         */s/ Michael D. Warner*

                                         Michael D. Warner