IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: <br><br> ATHENEX, INC., et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-90295 (DRJ) <br><br> (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

(Related Docket No. ___)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to retain and compensate the OCPs identified on the OCP List attached hereto as **Exhibit 1** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures (as defined herein), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and compensate the OCPs identified on the OCP List attached hereto as **Exhibit 1** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

   a.      Each OCP identified on the list attached as **Exhibit 1** to this Order (as may be amended or supplemented from time to time, the "OCP List") that provides services to the Debtors shall file with this Court a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form, attached as **Exhibit 2** to this Order, within twenty-eight (28) days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP List. Each OCP shall serve the Declaration of Disinterestedness upon: (a) the Debtors, Athenex, Inc., Attn: Nicholas K. Campbell, CRO (nick@wearemeru.com); (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attn: 440 Louisiana Street, Suite 900, Houston, TX 77002, Attn: Shirley S. Cho (scho@pszjlaw.com) and Benjamin L. Wallen (bwallen@pszjlaw.com); (c) proposed counsel to the Committee, (i) McKool Smith PC, 600 Travis Street, Suite 7000, Houston, TX 77002, Attn: John J. Sparacino (jsparacino@mckoolsmith.com) and S. Margie Venus (mvenus@mckoolsmith.com); and (ii) Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, NJ 07962-1997, Attn: Warren J. Martin, Jr. (WJMartin@pbnlaw.com), Robert M. Schechter (RMSchechter@pbnlaw.com) and Rachel A. Parisi (RAParisi@pbnlaw.com); and (d) the United States Trustee at the Office of the United States Trustee, 515 Rusk St, #3516, Houston, Texas, 77002, (Attn: Jana Smith Whitworth (Jana.Whitworth@usdoj.gov) and Ha Nguyen (Ha.Nguyen@usdoj.gov) (each, a "Notice Party," and collectively, the "OCP Notice Parties").

   b.      The OCP Notice Parties and any other party in interest shall have fourteen (14) days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "Objection Deadline"). The objecting party shall serve any such objection upon the OCP Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter may be scheduled for hearing before this Court.

    c. If no objection is received by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without a hearing or further order and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed).  The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

    d. The Debtors reserve the right to modify the OCP List as necessary to add or remove OCPs, from time to time, in their sole discretion.  In the event an OCP is added to the OCP List, the Debtors will file a notice with this Court listing the additional OCPs that the Debtors intend to employ (each, an "OCP Notice") and will serve each OCP Notice on the OCP Notice Parties.  Each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the OCP Notice Parties in accordance with the Order.  The OCP Notice Parties and any other party in interest shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with this Court, and serve any such objection upon each of the OCP Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

    e. The Debtors shall be authorized to pay, without formal application to, or order by, this Court by any OCP, 100 percent (100%) of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; provided that while these Chapter 11 Cases are pending, the aggregate fees for all OCPs set forth on **Exhibit 1** attached hereto, excluding costs and reimbursable expenses, may not exceed $100,000 per month (the "OCP Monthly Cap"). OCP fees will be subject to an aggregate case cap (the "OCP Case Cap") of $600,000.

    f. To the extent that an OCP seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the OCP shall:  (i) file with this Court a Notice of Fees in Excess of the OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the OCP Notice Parties.  Interested parties shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with this Court.  If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent (100%) of its fees and 100 percent (100%) of its expenses without the need to file a fee application.  Any Excess Fees will be subject to the OCP Case Cap.  All fees paid to an OCP, inclusive of any Excess Fees, are subject to the OCP Case Cap, provided that the OCP shall be entitled to file an application for fees and expenses in excess of the OCP Case Cap.

    g. Beginning with the period ending on September 30, 2023 and in three-month increments thereafter while these Chapter 11 Cases are pending (each, a "Quarter"), the Debtors shall file with this Court and serve on the OCP Notice Parties, no later than thirty days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period.  Each OCP's statement shall include the following information:  (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services

rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending September 30, 2023 and shall be filed no later than October 31, 2023.

2. To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Motion (each such agreement, an "<u>OCP Agreement</u>"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these Chapter 11 Cases:

    a. The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

    c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); or (ii) the entry of an order closing these Chapter 11 Cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

3. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

4. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent any party in interest from seeking a determination from this Court: (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code; or (b) altering the amount of the OCP Cap.

5. The Debtors shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration of Disinterestedness with this Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of this Court.

6. Nothing in this Order shall preclude an OCP from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                                                         DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Ordinary Course Professionals**

| OCP Name | Service |
|---|---|
| Arnold & Porter LLP | Legal Services |
| Fish IP Law LLP | Legal Services (Patent) |
| Freed Maxick & Battaglia, PC | Tax Advisory and Filings |
| Harris Beach PLLC | Legal Services (HR/Immigration) |
| Little & Tarzi, LLP | Legal Services (D&O Insurance) |
| Quarles & Brady LLP | Legal Services (Regulatory) |

**Exhibit 2**

**Form of Declaration of Disinterestedness**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ATHENEX, INC., et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 23-90295 (DRJ)<br><br>(Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "Declaration") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Athenex, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), have requested that the Company provide [specific description] services to the Debtors and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these Chapter 11 Cases. The Company does not perform services for any such person in connection with these Chapter 11 Cases or have any relationship

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/athenex. The location of Athenex, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 1001 Main Street, Suite 600, Buffalo, NY 14203.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532. [If applicable: The Company is currently holding a prepetition retainer of $_____. The Company shall apply any remaining amounts of its prepetition retainer as a credit towards fees, costs, and reimbursable expenses incurred on or after March 18, 2023, subject to the OCP Order.]

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of May 14, 2023, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

11. [If there is an indemnification agreement]: Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' Chapter 11 Cases:

a. [The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); or (ii) the entry of an order closing these Chapter 11 Cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the OCP Agreement, including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by the Court after notice and a hearing.]

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2023

_____
[DECLARANT]