IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ATHENEX, INC., *et al.*, | Case No. 23-90295 (MI) |
| Debtors.[1] | (Jointly Administered) |

### ORDER DENYING ANDERSONBRECON INC., D/B/A PCI PHARMA SERVICES' REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE
(Related Docket Nos. 667 & _____)

Upon the *Request for Payment of Administrative Expense* [Dkt. No. 667] (the "Application")[2] filed by AndersonBrecon Inc. d/b/a PCI Pharma Services ("Claimant"), seeking the allowance and payment of an administrative expense claim, as described therein (the "Administrative Claim"), and upon consideration of the response thereto (the "Response") filed by the Post-Effective-Date Debtors; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding, the Application, and the Response in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Application and Response and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and Response; and this Court having determined that the legal and factual bases set forth in the Response establish just cause for the relief granted

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Post-Effective-Date Debtors' claims and noticing agent at https://dm.epiq11.com/athenex.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Response.

SF 4864-8210-6767.2 14039.003

herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Administrative Claim having been satisfied, is disallowed, with prejudice.

2. The Debtors and the claim agent appointed in this case are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order and update the claims register.

3. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                        MARVIN ISGUR
                                        UNITED STATES BANKRUPTCY JUDGE